**In re Stacy D. CHAMBLESS, Relator.**

No. 07–0767.

Supreme Court of Texas.

June 27, 2008.

Thomas M. Michel, Griffith, Jay Miche & Moore, LLP, Patricia Kay White, Law Office of Pat White, Fort Worth, TX, for Relator.

Dinah Marriage Stallings, Law Office of Dinan Stallings, Fort Worth, TX, for Real Party in Interest.

Kevin J. Schmid, Kevin J. Schmid & Associates, Fort Worth, TX, for person interested in case.

PER CURIAM.

In this original proceeding, we must decide whether the trial court abused its discretion in awarding temporary grandparental visitation without affording the custodial parent an opportunity to be heard. *See* TEX. FAM.CODE § 153.433. Because we conclude the trial court abused its discretion, we conditionally grant mandamus relief and direct the trial court to vacate its August 14, 2007 temporary order granting grandparental visitation.

The relator, Stacy D. Chambless, is the mother of seven-year-old J.A.C. In a suit affecting the parent-child relationship, the trial court appointed Stacy managing conservator and J.A.C.'s father, Bobby D. Cook, Jr., possessory conservator of J.A.C. with the paternal grandparents supervising Cook's visitation. After Cook died in a motorcycle accident, the paternal grandparents filed a petition seeking visitation under section 153.432 of the Texas Family Code. At the hearing on this petition, the grandparents claimed J.A.C. would be significantly harmed if he did not know his father's side of the family, especially J.A.C.'s two half-brothers. In support of their claim, the grandparents offered into evidence a social study report by Rhonda Hopkins, a court-appointed social worker, who opined that depriving the paternal grandparents access would be "very detrimental" to J.A.C.'s emotional well-being. The social worker was not able to attend the hearing and thus Stacy did not have an opportunity to cross-examine her about the report.

Stacy moved for a directed verdict after the presentation of the grandparents' case-in-chief, arguing that the grandparents had failed to show that J.A.C. would suffer significant physical or emotional impairment absent visitation with his grandparents. The trial court, however, denied the motion and recessed the hearing until the social worker was available to testify. The trial court then signed an "interim" visitation order, allowing the grandparents access to J.A.C. for three days each month over Stacy's objection and without giving her an opportunity to present evidence on the subject.

Stacy thereafter sought mandamus relief and an emergency stay in the court of appeals, but the court denied relief. She then sought the same relief in this Court. We stayed the trial court's interim order to consider the merits of her petition for writ of mandamus.

■ "Possession of or access to a child by a grandparent is governed by the standards established by Chapter 153 [of the Texas Family Code]." TEX. FAM.CODE § 102.004(c). A grandparent seeking court-ordered visitation must "overcome[ ] the presumption that a parent acts in the best interest of the . . . child by proving by a preponderance of the evidence that denial of possession of or access . . . would significantly impair the child's physical health or emotional well-being." *Id.* § 153.433(2). A trial court abuses its discretion when it grants access to a grandparent who has not met this standard. *In re Derzapf,* 219 S.W.3d 327, 333 (Tex.2007) (per curiam).

■ Stacy complains that the trial court abused its discretion in awarding the paternal grandparents temporary visitation without affording her an opportunity to be heard. She further argues this temporary visitation order violates her fundamental right as a parent. Parents enjoy a fundamental right to make decisions concerning "the care, custody, and control of their children." *Troxel v. Granville,* 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (plurality opinion). This "natural right which exists between parents and their children is one of constitutional dimensions," *Sw. Bell Tel. Co. v. Garza,* 164 S.W.3d 607, 622 (Tex.2004) (quoting *Wiley v. Spratlan,* 543 S.W.2d 349, 352 (Tex. 1976)), and is "far more precious than any property right," *In the Interest of M.S.,* 115 S.W.3d 534, 547 (Tex.2003) (quoting *Santosky v. Kramer,* 455 U.S. 745, 758–59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)).

"So long as a parent adequately cares for his or her children (*i.e.,* is fit), there will normally be no reason for the State to inject itself into the private realm of the family." *In re Mays–Hooper,* 189 S.W.3d 777, 778 (Tex.2006) (per curiam) (quoting *Troxel,* 530 U.S. at 68, 120 S.Ct. 2054). The State "[cannot] infringe on the fundamental right of parents to make child rearing decisions simply because a state judge believes a better decision could be made." *Derzapf,* 219 S.W.3d at 333 (quoting *Troxel,* 530 U.S. at 68, 120 S.Ct. 2054).

■ Here, the paternal grandparents concede Stacy is a fit parent and acknowledge Stacy would likely talk to J.A.C. about his father. Stacy also argues that if given the opportunity, she would present evidence that denying the grandparents visitation is in her child's best interest. A parent must be given a meaningful opportunity to be heard before a trial court awards temporary grandparental visitation. *Cf. In the Interest of J.W.T.,* 872 S.W.2d 189, 198 (Tex.1994) (Hecht, J., concurring) (noting "that in a free society the State cannot deny a [parent] all right to his child without due process"); *see also Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (finding that a parent's right to "the companionship, care, custody, and management of his or her children" is an important constitutional interest that "undeniably warrants deference and, absent a powerful countervailing interest, protection"). Thus, the trial court abused its discretion in awarding the paternal grandparents temporary visitation with J.A.C. without affording Stacy a meaningful opportunity to be heard.

Without hearing oral argument, we conditionally grant mandamus relief and direct the trial court to vacate its August 14, 2007 temporary order granting grandparental visitation. TEX.R.APP. P. 52.8(c).

We are confident the trial court will promptly comply; our writ will issue only if it does not.