# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


NO. 2-09-006-CV

IN THE INTEREST OF A.N.G.
AND D.K.G., CHILDREN

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In one issue, Appellant Crystal E. argues that the trial court abused its discretion by granting Appellees Billy and Derenda G.'s petition to modify for grandparent access.  We will reverse and render.

Crystal is the mother and Nyambui G. is the father of eight-year-old A.N.G. and six-year-old D.K.G (collectively, the "children").  Billy and Derenda are the children's paternal grandparents.  The children visited Appellees "pretty regularly" from the time they were born until November 2007, when Billy and Nyambui were involved in an argument during which Billy pulled a gun on

---

[1] *... See* Tex. R. App. P. 47.4.

Nyambui. After this incident, Crystal discontinued allowing the children to visit Appellees.[2]

In February 2008, Appellees filed a petition to modify for grandparent access, seeking to modify a child support review order that had been entered in August 2004. In May 2008, Crystal and Appellees entered into a temporary agreement for access that gave Appellees access to the children for five hours per month on the third Saturday of the month. Thereafter, the children visited Appellees during this agreed time, and Appellees even saw the children on several occasions at times other than that designated in the agreement.

After a bench trial, the trial court granted Appellees' petition for access, awarding Appellees access to the children on the second and fourth Saturday of each month and for a period of time during Thanksgiving and Christmas. The trial court eventually entered findings of fact and conclusions of law, which included the following findings of fact:

2. Crystal [] has not acted in the best interest of [A.N.G.] and [D.K.G.].

---

[2] ... Prior to the incident involving the gun, Crystal had expressed concerns to Billy regarding D.K.G.'s behavior at school (which seemed to correspond with his visits with Appellees) and Appellees' treating D.K.G. better than A.N.G. However, Crystal testified at trial that she probably would not have stopped allowing the children to visit Appellees if the incident involving the gun had not occurred.

3. Crystal [] is not a fit parent in that she had not adequately cared for her children.

4. Denial of possession of or access to the child[ren] by Billy . . . and Derenda . . . would significantly impair the children's physical health or emotional well-being.

6. At the time of the filing of the petition, Nyambui . . . had been incarcerated in jail or prison during the three-month period preceding the filing of the petition.

7. At the time of the filing of the petition, Nyambui . . . did not have actual or court-ordered possession of or access to the child.

The trial court entered the following conclusion of law:

1. Billy . . . and Derenda . . . have overcome the presumption that a parent acts in the best interest of the parent's children.

Crystal filed her notice of appeal.

In her sole issue, Crystal argues that the trial court abused its discretion by granting Appellees possession of and access to the children because there is no evidence or insufficient evidence to support the trial court's second, third, fourth, sixth, and seventh findings of fact and one conclusion of law. She directs us to the supreme court's opinion in *In re Derzapf*, 219 S.W.3d 327 (Tex. 2007), and this court's opinion in *In re J.P.C.*, 261 S.W.3d 334 (Tex. App.—Fort Worth 2008, no pet.), and she contends that Appellees did not—as required by family code section 153.433—show by a preponderance of the

evidence that denial by her of access to the children by Appellees would significantly impair the children's physical health or emotional well-being.[3]

Possession of or access to a child by a grandparent is governed by the standards set forth in chapter 153 of the family code. Tex. Fam. Code Ann. § 102.004(c) (Vernon Supp. 2009); *In re Chambless*, 257 S.W.3d 698, 700 (Tex. 2008). The specific statute we must consider in this appeal is section 153.433, which sets forth the requirements that must be met before a court may order grandparent access to a grandchild. Tex. Fam. Code Ann. § 153.433 (Vernon Supp. 2009). Section 153.433 presumes that a parent acts in the best interest of her child, and it permits a grandparent to obtain court-ordered access only upon a showing by a preponderance of the evidence that denial of such access would significantly impair the child's physical health or emotional well-being.[4] *Id.* § 153.433(a)(2). The legislature set a high

---

[3] Appellees did not file a brief.

[4] The statute specifically provides:

[T]he grandparent requesting possession of or access to the child overcomes the presumption that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being.

Tex. Fam. Code Ann. § 153.433(a)(2).

threshold for a grandparent to overcome the presumption that a parent acts in his or her child's best interest: the grandparent must prove that denial of access would "*significantly* impair" the child's physical health or emotional well-being.[5] *Id.*; *Derzapf*, 219 S.W.3d at 334. This high threshold exists so that a court will refrain from interfering with child-rearing decisions made by a parent simply because the court believes that a "better decision" could have been made. *J.P.C.*, 261 S.W.3d at 337.

We apply an abuse of discretion standard in reviewing a trial court's determination of grandparent access or possession under family code section 153.433. *Id.* at 336. A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Therefore, a trial court abuses its

---

[5] ... In 2005, the legislature amended section 153.433 in an effort to bring the statute into compliance with the Supreme Court's plurality opinion in *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054 (2000), that a trial court must presume that a fit parent acts in his or her child's best interest. *Derzapf*, 219 S.W.3d at 333. "[S]o long as a parent adequately cares for his or her children (*i.e.*, is fit), there will normally be no reason for the State to inject itself into the private realm of the family." *Troxel*, 530 U.S. at 68, 120 S. Ct. at 2061; *see In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006).

discretion when it grants access to a grandparent who fails to meet the statutory requirements of section 153.433. *Derzapf*, 219 S.W.3d at 333.

In reviewing a possession order under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error but are relevant factors in determining whether the trial court abused its discretion; first, we determine whether the trial court had sufficient information upon which to exercise its discretion and, second, evaluate whether the trial court erred in applying its discretion.[6] *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied); *see Sandone v. Miller-Sandone*, 116 S.W.3d 204, 206 (Tex. App.—El Paso 2003, no pet.).

Only Derenda, Billy, and Crystal testified at trial. The following exchange between Derenda and Crystal's attorney implicating Appellees' burden of proof under section 153.433(a)(2) took place:

> [Crystal's counsel]:  Do you have any evidence that if these kids don't see you, they would suffer significant harm, physically or emotionally?
>
> [Derenda]:  Yes.
>
> [Crystal's counsel]:  What evidence do you have?
>
> [Derenda]:  None.  But they've been around us.  They grew up with us when they was babies.  They know us.

---

[6]... Crystal argues that the trial court erred in applying its discretion.

[Crystal's counsel]: Okay. Other than that?

[Derenda]: No.

The following exchange between Billy and Crystal's attorney implicating Appellees' burden of proof under section 153.433(a)(2) took place:

[Crystal's counsel]: Do you believe that not letting you see the [children] is going to significantly impair their health or emotional well-being?

[Billy]: Yes, I do.

[Crystal's counsel]: Why?

[Billy]: Because they - - they've been - - they've been around us all this time, and I can tell how disturbed [D.K.G.] is when he - - when he come over there, he's constantly - - the little time that he spends with us, for about an hour, he just wants to hug you and be close to you, as he says, and he tells me how much he miss me and everything, and, you know, he said, When is it going to change, it takes too long to see you.

Thus, according to Appellees' testimony, denying Appellees access to the children would significantly impair the children's physical health or emotional well-being because (1) the children know Appellees and have been around them while growing up and (2) when D.K.G. is with Appellees, he wants to hug and be close to them, he expresses how much he misses them, and he indicates that there is too much time between visits. None of this is evidence that denying Appellees access to the children would significantly impair the children's physical health or emotional well-being; rather, without further

7

explanation by Appellees, it is merely evidence that Appellees are accustomed to spending time with the children and that D.K.G. misses Appellees and wants to see them more—circumstances that, in general, are not uncommon amongst grandparents and grandchildren. *See J.P.C.*, 261 S.W.3d at 338 (reasoning that bare, unsupported allegations that denial of access would significantly impair grandchild is insufficient to overcome statutory presumption). No actual significant impairment from the children not visiting Appellees and D.K.G's missing Appellees and wanting to see them more often was explained at trial.

Further, Derenda's answer of "Yes" to opposing counsel's question inquiring whether denial of access to the children would significantly impair them does not, in and of itself, constitute evidence overcoming the section 153.433(a)(2) parental presumption. *See In re J.M.T.*, 280 S.W.3d 490, 493 (Tex. App.—Eastland 2009, no pet.) (holding that grandparent's testimony answering "Yes" to the question of whether denial of access would significantly impair child's emotional development was not, without any elaboration, evidence that overcame parental presumption). And, like the evidence above, Derenda's additional testimony that it would be good for the children to spend time with her because it would "help them" and Billy's other testimony that Derenda helps the children with their homework when they visit is not evidence demonstrating significant impairment.

8

Appellees offered no testimony that Crystal is an unfit parent,[7] and they presented no probative evidence to support their contention that denial of access would significantly impair the children. *See In re J.R.D.*, No. 05-06-01554-CV, 2007 WL 4415879, at \*2 (Tex. App.—Dallas Dec. 19, 2007, no pet.) (mem. op.) ("Absent any evidence that denial of access would significantly impair J.R.D.'s physical health or emotional well-being, the trial court erred in denying the motion for judgment filed by J.R.D.'s mother."). Thus, appellees have failed to show that the denial of access would significantly impair A.N.G.'s and D.K.G.'s physical health and emotional well-being, as specifically required by family code section 153.433(a)(2). Because a trial court has no discretion in applying the law to the facts, the trial court's determination that Appellees overcame section 153.433(a)(2)'s presumption was an abuse of discretion. *See Derzapf*, 219 S.W.3d at 333 (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004)).

---

[7] ... Indeed, if anything, the evidence seemed to demonstrate the opposite; Billy testified that the children are not in danger when they are at Crystal's house and that he has never called CPS on Crystal.

9

Accordingly, we sustain Crystal's sole issue, we reverse the trial court's judgment, and we render judgment denying Appellees' petition to modify for grandparent access.


BILL MEIER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  January 21, 2010

10