COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-006-CV

 

 

IN THE INTEREST OF A.N.G.

AND D.K.G., CHILDREN

 

                                              ------------

 

           FROM
THE 233RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In one
issue, Appellant Crystal E. argues that the trial court abused its discretion
by granting Appellees Billy and Derenda G.=s
petition to modify for grandparent access. 
We will reverse and render.








Crystal
is the mother and Nyambui G. is the father of eight-year-old A.N.G. and
six-year-old D.K.G (collectively, the Achildren@).  Billy and Derenda are the children=s
paternal grandparents.  The children
visited Appellees Apretty regularly@ from
the time they were born until November 2007, when Billy and Nyambui were involved
in an argument during which Billy pulled a gun on Nyambui.  After this incident, Crystal discontinued
allowing the children to visit Appellees.[2]

In
February 2008, Appellees filed a petition to modify for grandparent access,
seeking to modify a child support review order that had been entered in August
2004.  In May 2008, Crystal and Appellees
entered into a temporary agreement for access that gave Appellees access to the
children for five hours per month on the third Saturday of the month.  Thereafter, the children visited Appellees during
this agreed time, and Appellees even saw the children on several occasions at
times other than that designated in the agreement.

After a
bench trial, the trial court granted Appellees=
petition for access, awarding Appellees access to the children on the second
and fourth Saturday of each month and for a period of time during Thanksgiving
and Christmas.  The trial court
eventually entered findings of fact and conclusions of law, which included the
following findings of fact:

2.     Crystal [] has not acted in the best interest of [A.N.G.] and
[D.K.G.].

 








3.     Crystal [] is not a fit parent in that she had not adequately
cared for her children.

 

4.     Denial of possession of or access to the child[ren] by Billy
. . . and Derenda . . . would significantly impair the
children=s physical health or
emotional well-being.

 

6.     At the time of the filing of the petition, Nyambui
. . . had been incarcerated in jail or prison during the three-month
period preceding the filing of the petition.

 

7.     At the time of the filing of the petition, Nyambui . . . did not
have actual or court-ordered possession of or access to the child.

 

The trial court entered the following conclusion of law:

 

1.     Billy . . . and Derenda . . . have overcome the presumption that
a parent acts in the best interest of the parent=s children.

 

Crystal filed her notice of
appeal.








In her
sole issue, Crystal argues that the trial court abused its discretion by
granting Appellees possession of and access to the children because there is no
evidence or insufficient evidence to support the trial court=s
second, third, fourth, sixth, and seventh findings of fact and one conclusion
of law.  She directs us to the supreme
court=s
opinion in In re Derzapf, 219 S.W.3d 327 (Tex. 2007), and this court=s
opinion in In re J.P.C., 261 S.W.3d 334 (Tex. App.CFort
Worth 2008, no pet.), and she contends that Appellees did notCas
required by family code section 153.433Cshow by
a preponderance of the evidence that denial by her of access to the children by
Appellees would significantly impair the children=s
physical health or emotional well-being.[3]








Possession
of or access to a child by a grandparent is governed by the standards set forth
in chapter 153 of the family code.  Tex.
Fam. Code Ann. ' 102.004(c) (Vernon Supp. 2009);
In re Chambless, 257 S.W.3d 698, 700 (Tex. 2008).  The specific statute we must consider in this
appeal is section 153.433, which sets forth the requirements that must be met
before a court may order grandparent access to a grandchild.  Tex. Fam. Code Ann. ' 153.433
(Vernon Supp. 2009).  Section 153.433
presumes that a parent acts in the best interest of her child, and it permits a
grandparent to obtain court-ordered access only upon a showing by a
preponderance of the evidence that denial of such access would significantly
impair the child=s physical health or emotional
well-being.[4]  Id. ' 153.433(a)(2).  The legislature set a high threshold for a
grandparent to overcome the presumption that a parent acts in his or her child=s best
interest:  the grandparent must prove
that denial of access would Asignificantly impair@ the
child=s
physical health or emotional well-being.[5]  Id.; Derzapf, 219 S.W.3d at
334.  This high threshold exists so that
a court will refrain from interfering with child-rearing decisions made by a
parent simply because the court believes that a Abetter
decision@ could
have been made.  J.P.C., 261
S.W.3d at 337.








We apply
an abuse of discretion standard in reviewing a trial court=s
determination of grandparent access or possession under family code section
153.433.  Id. at 336.  A trial court abuses its discretion when it
acts arbitrarily or unreasonably, or without reference to any guiding rules or
principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).  A trial court has no discretion in
determining what the law is or in applying the law to the facts.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).  Therefore, a trial court
abuses its discretion when it grants access to a grandparent who fails to meet
the statutory requirements of section 153.433. 
Derzapf, 219 S.W.3d at 333.

In
reviewing a possession order under an abuse of discretion standard, legal and
factual sufficiency are not independent grounds of error but are relevant
factors in determining whether the trial court abused its discretion; first, we
determine whether the trial court had sufficient information upon which to
exercise its discretion and, second, evaluate whether the trial court erred in
applying its discretion.[6]  In re T.D.C., 91 S.W.3d 865, 872 (Tex.
App.CFort
Worth 2002, pet. denied); see Sandone v. Miller-Sandone, 116 S.W.3d 204,
206 (Tex. App.CEl Paso 2003, no pet.).

Only
Derenda, Billy, and Crystal testified at trial. 
The following exchange between Derenda and Crystal=s
attorney implicating Appellees= burden
of proof under section 153.433(a)(2) took place:

[Crystal=s counsel]:  Do you have any evidence that if these kids
don=t see you, they would
suffer significant harm, physically or emotionally?

 

[Derenda]:  Yes.

[Crystal=s
counsel]:  What evidence do you have?

[Derenda]:  None.  But they=ve been around us.  They grew up with us when they was
babies.  They know us.








[Crystal=s
counsel]:  Okay.  Other than that?

[Derenda]:  No.

The following exchange between
Billy and Crystal=s attorney implicating Appellees= burden
of proof under section 153.433(a)(2) took place:

[Crystal=s counsel]:  Do you believe that not letting you see the
[children] is going to significantly impair their health or emotional
well-being?

 

[Billy]:  Yes, I do.

[Crystal=s
counsel]:  Why?

[Billy]:  Because they - - they=ve been - - they=ve been around us all
this time, and I can tell how disturbed [D.K.G.] is when he - - when he come
over there, he=s constantly - - the
little time that he spends with us, for about an hour, he just wants to hug you
and be close to you, as he says, and he tells me how much he miss me and
everything, and, you know, he said, When is it going to change, it takes too
long to see you.

 








Thus, according to Appellees=
testimony, denying Appellees access to the children would significantly impair
the children=s physical health or emotional
well-being because (1) the children know Appellees and have been around them
while growing up and (2) when D.K.G. is with Appellees, he wants to hug and be
close to them, he expresses how much he misses them, and he indicates that
there is too much time between visits. 
None of this is evidence that denying Appellees access to the children
would significantly impair the children=s
physical health or emotional well-being; rather, without further explanation by
Appellees, it is merely evidence that Appellees are accustomed to spending time
with the children and that D.K.G. misses Appellees and wants to see them moreCcircumstances
that, in general, are not uncommon amongst grandparents and grandchildren.  See J.P.C., 261 S.W.3d at 338
(reasoning that bare, unsupported allegations that denial of access would
significantly impair grandchild is insufficient to overcome statutory
presumption).  No actual significant
impairment from the children not visiting Appellees and D.K.G=s
missing Appellees and wanting to see them more often was explained at trial.

Further,
Derenda=s answer
of AYes@ to
opposing counsel=s question inquiring whether
denial of access to the children would significantly impair them does not, in
and of itself, constitute evidence overcoming the section 153.433(a)(2)
parental presumption.  See In re
J.M.T., 280 S.W.3d 490, 493 (Tex. App.CEastland
2009, no pet.) (holding that grandparent=s
testimony answering AYes@ to the
question of whether denial of access would significantly impair child=s
emotional development was not, without any elaboration, evidence that overcame
parental presumption).  And, like the
evidence above, Derenda=s additional testimony that it
would be good for the children to spend time with her because it would Ahelp
them@ and
Billy=s other
testimony that Derenda helps the children with their homework when they visit
is not evidence demonstrating significant impairment.








Appellees
offered no testimony that Crystal is an unfit parent,[7]
and they presented no probative evidence to support their contention that
denial of access would significantly impair the children.  See In re J.R.D., No. 05-06-01554-CV,
2007 WL 4415879, at *2 (Tex. App.CDallas
Dec. 19, 2007, no pet.) (mem. op.) (AAbsent
any evidence that denial of access would significantly impair J.R.D.=s
physical health or emotional well-being, the trial court erred in denying the
motion for judgment filed by J.R.D.=s
mother.@).  Thus, appellees have failed to show that the
denial of access would significantly impair A.N.G.=s and
D.K.G.=s
physical health and emotional well-being, as specifically required by family
code section 153.433(a)(2).  Because a
trial court has no discretion in applying the law to the facts, the trial court=s
determination that Appellees overcame section 153.433(a)(2)=s
presumption was an abuse of discretion.  See
Derzapf, 219 S.W.3d at 333 (citing In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135 (Tex. 2004)).








Accordingly,
we sustain Crystal=s sole issue, we reverse the
trial court=s judgment, and we render
judgment denying Appellees=
petition to modify for grandparent access.

 

 

BILL MEIER

JUSTICE

 

PANEL:  WALKER, MCCOY, and
MEIER, JJ.

 

DELIVERED:  January 21, 2010











[1]See Tex. R. App. P. 47.4.





[2]Prior to the incident
involving the gun, Crystal had expressed concerns to Billy regarding D.K.G.=s behavior at school
(which seemed to correspond with his visits with Appellees) and Appellees= treating D.K.G. better
than A.N.G.  However, Crystal testified
at trial that she probably would not have stopped allowing the children to
visit Appellees if the incident involving the gun had not occurred.





[3]Appellees did not file a
brief.





[4]The statute specifically
provides:

 

[T]he grandparent
requesting possession of or access to the child overcomes the presumption that
a parent acts in the best interest of the parent=s child by proving by a
preponderance of the evidence that denial of possession of or access to the
child would significantly impair the child=s physical health or emotional well-being.

 

Tex.
Fam. Code Ann. ' 153.433(a)(2).





[5]In 2005, the legislature
amended section 153.433 in an effort to bring the statute into compliance with
the Supreme Court=s plurality opinion in Troxel
v. Granville, 530 U.S. 57, 120 S. Ct. 2054 (2000), that a trial court must
presume that a fit parent acts in his or her child=s best interest.  Derzapf, 219 S.W.3d at 333.  A[S]o long as a parent adequately cares for his or
her children (i.e., is fit), there will normally be no reason for the
State to inject itself into the private realm of the family.@  Troxel, 530 U.S. at 68, 120 S. Ct. at
2061; see In re Mays-Hooper, 189 S.W.3d 777, 778 (Tex. 2006).





[6]Crystal argues that the
trial court erred in applying its discretion.





[7]Indeed, if anything, the
evidence seemed to demonstrate the opposite; Billy testified that the children
are not in danger when they are at Crystal=s house and that he has never called CPS on
Crystal.