NO. 07-09-00398-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



NOVEMBER
17, 2010

 



 

IN THE INTEREST OF M.K.S., J.R.S.,

AND M.B.S., CHILDREN



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2004-528,827; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Ascucena
Gonzalez, appeals the judgment of the trial court granting grandparent
possession of her three minor children on the first Saturday of the month to
Susie Lopez, their paternal grandmother. 
Gonzalez contends that the trial court abused its discretion in entering
the possession order in favor of Lopez. 
Agreeing with Gonzalez, we will reverse and render.

Factual and Procedural Background

            Gonzalez
is the mother of the three minor children. 
The father of the children, Leonicio Sanchez,
is incarcerated in the Institutional Division of the Texas Department of
Criminal Justice, serving an 18 year sentence. 
Prior to Sanchez’s being sent to prison, Gonzalez had obtained a
protective order against him.  Gonzalez
testified as a witness for the State at Sanchez’s trial.  On the day of Sanchez’s trial, Gonzalez and Lopez
got into a loud shouting match at the courthouse.  Subsequently, Lopez has not had access to the
children.  

            Lopez
filed an “Original Petition For Grandparent Possession
or Access” on April 21, 2008. 
Subsequently, Lopez filed an amended petition and the trial court held a
final hearing on November 16, 2009.  The
trial court granted Lopez possession of the children on the first Saturday of
each month.  The trial court’s judgment
was filed on November 17, 2009.  Gonzalez
requested findings of fact and conclusions of law which the trial court filed
of record on December 2, 2009.

            Gonzalez
appeals the trial court’s order alleging error in two particulars.  First, Gonzalez argues that the trial court
abused its discretion in granting possession to Lopez because Lopez did not
overcome the statutory presumption that the parent acts in the best interest of
the children by proving, by a preponderance of the evidence, that a denial of
possession to the children would significantly impair the children’s physical
health or emotional well-being.  Second,
Gonzalez contends that the trial court abused its discretion in granting
grandparent access because there was no evidence presented that Gonzalez had
denied Lopez access to the children. 
Because of our ruling concerning Gonzalez’s first issue, we do not reach
the second issue.

 

 

Texas Family
Code Section 153.433

            Lopez’s
action for possession and access to the children was brought pursuant to
section 153.433(2) of the Texas Family Code, which provides in relevant part
that,

(2) the grandparent requesting possession of or access
to the child overcomes the presumption that a parent acts in the best interest
of the parent’s child by proving by a preponderance of the evidence that denial
of possession of or access to the child would significantly impair the child’s
physical health or emotional well-being;

Tex. Fam. Code Ann. § 153.433 (Vernon Supp 2010).[1]

 Standard of Review

            The Texas Supreme Court has held in In
re Derzapf, 219 S.W.3d 327, 333 (Tex. 2007) and
reaffirmed in In re Chambless,
257 S.W.3d 698, 699 (Tex. 2008), that the proper standard of review to apply in
a grandparent access and possession case is an abuse of discretion
standard.  Under an abuse of discretion
standard, legal and factual sufficiency are not independent grounds for
asserting error, but are relevant factors in assessing whether a trial court
abused its discretion.  Niskar
v. Niskar, 136 S.W.3d 749, 753 (Tex.App.—Dallas 2004, no pet.).  Accordingly, we must determine whether Lopez
presented sufficient evidence to overcome the parental presumption, for if she
did not, then the trial court’s decision granting Lopez access to the children
was an abuse of discretion.  Derzapf, 219 S.W.3d at 333.  

 

Analysis

            In an effort to overcome the parental presumption, Lopez
presented her own testimony and the testimony of Kitty Gage.  We will first address the testimony of Lopez.  Lopez’s testimony was that she was present at
the birth of the children, that she had provided assistance to the children, and that the children enjoyed visiting with her
and her other children, in addition to her extended family.  This evidence does not address the primary
issue in a section 153.433 case, that eliminating this contact will
significantly impair the child’s physical health or emotional well-being.  See In re J.P.C., 261 S.W.3d
334, 340 (Tex.App.—Fort Worth 2008, no pet.) (the mere opinions of the grandparents do not overcome the
statutory presumption).  We agree with
the holding of the Fort Worth court, and conclude that, without more, Lopez’s
testimony was not sufficient to overcome the statutory presumption.

            However, Lopez also presented the testimony of Kitty
Gage.  Gage testified that she was a
counselor for the Lubbock Independent School District.  Further, Gage testified that she had a
Bachelor’s degree in math and English and a Master’s degree in guidance and
counseling.  During her testimony, Gage
was asked if she had an opinion, based on her specialized knowledge, skill, and
experience, regarding whether the denial of access to a grandparent with whom a
child is very bonded would significantly impair the child’s physical health or
emotional well-being.  Before Gage
answered the question, Gonzalez requested to take the witness on voir dire examination.  The subsequent testimony revealed that Gage
had never treated or even seen any of the particular children involved in this
litigation in a clinical setting.  In
fact, she could only recall seeing one, some, or all of the children one time[2]
while she was visiting her mother in a nursing home where Lopez worked.  Additionally, Gage has never counseled
children in a factual situation similar to the one presented in this case.  Gonzalez then objected that Gage was not
qualified as an expert, and, further, had never seen the children who were the
subject of the suit professionally.  The
trial court overruled the objection and Gage was allowed to testify.

            Addressing first whether or not the trial court erred in
permitting Gage to testify as an expert, we will review the trial court’s
ruling under an abuse of discretion standard. 
See In re J.P.B., 180 S.W.3d 570, 575
(Tex. 2005).  When the testimony of a
purported expert is offered, the trial court has to determine, as a preliminary
matter, and the proponent of the testimony has the burden to establish, that
the witness is qualified under Rule 702 of the Texas Rules of Evidence.  See Helena Chem.
Co. v. Wilkins, 47 S.W.3d 486, 498 (Tex. 2001).  Rule 702 requires that the proposed expert
witness be qualified as an expert by knowledge, skill, experience, training, or
education.  See Tex. R. Evid.
702.  In ascertaining whether a witness
is an expert, the trial court “must ensure that those who purport to be experts
truly have expertise concerning the actual subject about which they are
offering an opinion.”  Helena Chem.
Co., 47 S.W.3d at 498 (quoting Gamill
v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713,719 (Tex. 1998)).  Therein lies the
problem with Gage.  Gage’s testimony
reveals that she had not been trained as a counselor for children in family
situations.  Further, she has no
experience, professionally speaking, in dealing with child-grandparent
relationships.  Consequently, her
testimony is nothing more than lay personal
opinion.  As such, Gage is not qualified
as an expert concerning the actual subject about which she offered her
opinion.  Id.

            Even were we to assume Gage was qualified to offer expert
opinions in this case, her testimony is insufficient to overcome the statutory
parental presumption.  First, Gage’s
testimony did not identify any significant impairment to these particular
children’s physical or emotional well-being. 
Second, the impairments to the children’s physical or emotional
well-being that Gage does identify are, at best, theoretical.[3]


            In the final analysis, the trial court abused its
discretion when it allowed Gage to testify as an expert.  In re J.P.B., 180
S.W.3d 575.  Further, as evidence
that denial of access or possession of the children would significantly impair
the physical or emotional well-being of the children, Gage’s testimony was
nothing more than personal opinion.  As
such, Gage’s testimony could not overcome the parental presumption found in
section 153.433(2).  Id.

            The mere opinion of Lopez and an interested, nonexpert witness that Lopez should be granted access does
not overcome the statutory presumption, nor does it support the trial court’s
interference with Gonzalez’s parental rights by awarding Lopez court-ordered
access to the children.  In re J.P.C., 261 S.W.3d at 340.  Inasmuch as the only testimony offered by
Lopez legally constituted no evidence to overcome the parental presumption, the
trial court did not correctly apply the law to the facts of the case.  See In re J.P.C., 261 S.W.3d at
340 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985)).  A trial court abuses its
discretion when it awards possession and access to a grandparent who does not
overcome the parental presumption.  In re Derzapf, 219 S.W.3d at 333.  Gonzalez’s first issue is sustained, the judgment
of the trial court is reversed, and judgment is rendered that Lopez’s petition
is, in all things, denied.

            Having sustained Gonzalez’s first issue, we need not
address her second contention.  

Conclusion

            The
judgment of the trial court is reversed and judgment is rendered denying any
relief to Lopez.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 











[1] Further references to the Texas Family Code will be
by reference to “section ___.”





[2] How many of the children Gage saw on this occasion is unclear from the record.





[3] As Gage did not counsel any of these children, her
testimony addresses nothing more than the general benefits of children having a
relationship with their grandparents.