NO. 07-11-00322-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



AUGUST
24, 2011

 



 

IN RE JAIME HERNANDEZ MUNIZ, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK, JJ. and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Relator Jamie Hernandez Muniz, a
prison inmate appearing pro se, has
filed a motion for leave to file a petition for writ of mandamus[2]
and a petition for writ of mandamus.  In
his petition, relator complains that the trial court denied him due process of
law by signing orders directing withdrawal of funds from his trust
account.  For the reasons that follow, we
will deny relator’s petition.

Relator has not filed a record or
appendix with his petition.  In an
original mandamus proceeding, the petition must be accompanied by a certified
or sworn copy of every document that is material to a relator’s claim for
relief and that was filed in any underlying proceeding.  See
Tex. R. App. P. 52.7(a)(1). 
Additionally, the petition states facts not supported by evidence included
in an appendix or record.  A relator’s
burden on mandamus includes meeting the requirement that “[e]very statement of
fact in the petition [is] supported by citation to competent evidence included
in the appendix or record.”  Tex. R. App.
P. 52.3(g).  In short, a relator must
supply a record sufficient to establish the right to mandamus relief.  Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). 
Relator has not done so and we are therefore unable to determine whether
he is entitled to mandamus relief.  

Accordingly, relator’s petition for
writ of mandamus is denied and his motion for leave to file a petition for writ
of mandamus is dismissed as moot.  In
denying relator’s petition, we express no opinion on the merits of his
complaint, or whether it is properly reviewable by petition for writ of
mandamus.  See Harrell v. State, 286 S.W.3d 315, 321 (Tex. 2009) (holding
appellate review of a trial court’s order denying an inmate’s motion
challenging a withdrawal order is by appeal). 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

 











[1] John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.





[2] Motions for leave to file a petition
for writ of mandamus are no longer required. 
Tex. R. App. P. 52.1 Notes and Comments.








t:normal'>(2) the grandparent requesting possession of or access
to the child overcomes the presumption that a parent acts in the best interest
of the parent’s child by proving by a preponderance of the evidence that denial
of possession of or access to the child would significantly impair the child’s
physical health or emotional well-being;

Tex. Fam. Code Ann. § 153.433 (Vernon Supp 2010).[1]

 Standard of Review

            The Texas Supreme Court has held in In
re Derzapf, 219 S.W.3d 327, 333 (Tex. 2007) and
reaffirmed in In re Chambless,
257 S.W.3d 698, 699 (Tex. 2008), that the proper standard of review to apply in
a grandparent access and possession case is an abuse of discretion
standard.  Under an abuse of discretion
standard, legal and factual sufficiency are not independent grounds for
asserting error, but are relevant factors in assessing whether a trial court
abused its discretion.  Niskar
v. Niskar, 136 S.W.3d 749, 753 (Tex.App.—Dallas 2004, no pet.).  Accordingly, we must determine whether Lopez
presented sufficient evidence to overcome the parental presumption, for if she
did not, then the trial court’s decision granting Lopez access to the children
was an abuse of discretion.  Derzapf, 219 S.W.3d at 333.  

 

Analysis

            In an effort to overcome the parental presumption, Lopez
presented her own testimony and the testimony of Kitty Gage.  We will first address the testimony of Lopez.  Lopez’s testimony was that she was present at
the birth of the children, that she had provided assistance to the children, and that the children enjoyed visiting with her
and her other children, in addition to her extended family.  This evidence does not address the primary
issue in a section 153.433 case, that eliminating this contact will
significantly impair the child’s physical health or emotional well-being.  See In re J.P.C., 261 S.W.3d
334, 340 (Tex.App.—Fort Worth 2008, no pet.) (the mere opinions of the grandparents do not overcome the
statutory presumption).  We agree with
the holding of the Fort Worth court, and conclude that, without more, Lopez’s
testimony was not sufficient to overcome the statutory presumption.

            However, Lopez also presented the testimony of Kitty
Gage.  Gage testified that she was a
counselor for the Lubbock Independent School District.  Further, Gage testified that she had a
Bachelor’s degree in math and English and a Master’s degree in guidance and
counseling.  During her testimony, Gage
was asked if she had an opinion, based on her specialized knowledge, skill, and
experience, regarding whether the denial of access to a grandparent with whom a
child is very bonded would significantly impair the child’s physical health or
emotional well-being.  Before Gage
answered the question, Gonzalez requested to take the witness on voir dire examination.  The subsequent testimony revealed that Gage
had never treated or even seen any of the particular children involved in this
litigation in a clinical setting.  In
fact, she could only recall seeing one, some, or all of the children one time[2]
while she was visiting her mother in a nursing home where Lopez worked.  Additionally, Gage has never counseled
children in a factual situation similar to the one presented in this case.  Gonzalez then objected that Gage was not
qualified as an expert, and, further, had never seen the children who were the
subject of the suit professionally.  The
trial court overruled the objection and Gage was allowed to testify.

            Addressing first whether or not the trial court erred in
permitting Gage to testify as an expert, we will review the trial court’s
ruling under an abuse of discretion standard. 
See In re J.P.B., 180 S.W.3d 570, 575
(Tex. 2005).  When the testimony of a
purported expert is offered, the trial court has to determine, as a preliminary
matter, and the proponent of the testimony has the burden to establish, that
the witness is qualified under Rule 702 of the Texas Rules of Evidence.  See Helena Chem.
Co. v. Wilkins, 47 S.W.3d 486, 498 (Tex. 2001).  Rule 702 requires that the proposed expert
witness be qualified as an expert by knowledge, skill, experience, training, or
education.  See Tex. R. Evid.
702.  In ascertaining whether a witness
is an expert, the trial court “must ensure that those who purport to be experts
truly have expertise concerning the actual subject about which they are
offering an opinion.”  Helena Chem.
Co., 47 S.W.3d at 498 (quoting Gamill
v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713,719 (Tex. 1998)).  Therein lies the
problem with Gage.  Gage’s testimony
reveals that she had not been trained as a counselor for children in family
situations.  Further, she has no
experience, professionally speaking, in dealing with child-grandparent
relationships.  Consequently, her
testimony is nothing more than lay personal
opinion.  As such, Gage is not qualified
as an expert concerning the actual subject about which she offered her
opinion.  Id.

            Even were we to assume Gage was qualified to offer expert
opinions in this case, her testimony is insufficient to overcome the statutory
parental presumption.  First, Gage’s
testimony did not identify any significant impairment to these particular
children’s physical or emotional well-being. 
Second, the impairments to the children’s physical or emotional
well-being that Gage does identify are, at best, theoretical.[3]


            In the final analysis, the trial court abused its
discretion when it allowed Gage to testify as an expert.  In re J.P.B., 180
S.W.3d 575.  Further, as evidence
that denial of access or possession of the children would significantly impair
the physical or emotional well-being of the children, Gage’s testimony was
nothing more than personal opinion.  As
such, Gage’s testimony could not overcome the parental presumption found in
section 153.433(2).  Id.

            The mere opinion of Lopez and an interested, nonexpert witness that Lopez should be granted access does
not overcome the statutory presumption, nor does it support the trial court’s
interference with Gonzalez’s parental rights by awarding Lopez court-ordered
access to the children.  In re J.P.C., 261 S.W.3d at 340.  Inasmuch as the only testimony offered by
Lopez legally constituted no evidence to overcome the parental presumption, the
trial court did not correctly apply the law to the facts of the case.  See In re J.P.C., 261 S.W.3d at
340 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985)).  A trial court abuses its
discretion when it awards possession and access to a grandparent who does not
overcome the parental presumption.  In re Derzapf, 219 S.W.3d at 333.  Gonzalez’s first issue is sustained, the judgment
of the trial court is reversed, and judgment is rendered that Lopez’s petition
is, in all things, denied.

            Having sustained Gonzalez’s first issue, we need not
address her second contention.  

Conclusion

            The
judgment of the trial court is reversed and judgment is rendered denying any
relief to Lopez.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 











[1] Further references to the Texas Family Code will be
by reference to “section ___.”





[2] How many of the children Gage saw on this occasion is unclear from the record.





[3] As Gage did not counsel any of these children, her
testimony addresses nothing more than the general benefits of children having a
relationship with their grandparents.