

# IN THE
# TENTH COURT OF APPEALS

———————

## No. 10-11-00141-CV

## IN THE INTEREST OF A.H. AND C.A.H., II, CHILDREN

———————

**From the 220th District Court
Bosque County, Texas
Trial Court No. 06-01-00806-BCFM**

## MEMORANDUM  OPINION

Christopher Holmes appeals from an order naming his parents joint managing conservators with the right to establish the domicile of his two children, A.H. and C.A.H., II.  Holmes was also named a joint managing conservator with possession and access to the children pursuant to the standard possession order so long as he participated in counseling with his current wife.  TEX. FAM. CODE ANN. Ch. 153, Subch. F (West 2011).  Holmes complains that the trial court erred by giving his parents the right to establish the children's domicile rather than placing the children with him.  We affirm.

*Procedural History*

Christopher and Mitzi are the parents of A.H. and C.A.H., II, children born during their marriage. In 2006, Christopher and Mitzi divorced and they were named joint managing conservators of the children, with Mitzi having the right to establish the children's residence without regard to geographic location. Christopher's parents, Shawn and Barbara Holmes, were given limited possession and access to the children in the divorce decree.

The children had lived with Shawn and Barbara off and on throughout their lives, with either or both parents at different times. In September of 2009 Barbara, who had been listed as an emergency contact, was called by the school to pick up C.A.H. because he needed to go to the doctor. Mitzi left the children with Shawn and Barbara permanently approximately a week later. Mitzi picked the children up from school one day in November of 2009 for lunch and returned them to school, which was the last time the children saw her. Shawn and Barbara had possession of the children continuously until the final hearing other than a few visits when Christopher had the children. In August of 2010, Christopher filed a motion to modify the divorce decree seeking primary custody of the children. In October of 2010, Shawn and Barbara filed a petition seeking primary custody of the children as well.

After a bench trial, the court determined that the parties would be named joint managing conservators of the children and that Shawn and Barbara would have the

right to establish the children's domicile without a geographical restriction. Christopher was awarded possession and access to the children in accordance with the standard possession order so long as he and his current wife attended counseling sessions together. The trial court found that the appointment of either parent as managing conservator would not be in the best interest of the children because it would significantly impair the children's health or emotional development.[1]

*Appointment of Managing Conservator*

In his sole issue, Christopher complains that the trial court erred by awarding his parents the right to establish the children's residence rather than him because there was insufficient evidence of his lack of fitness as a parent as required by the United States Supreme Court and the Texas Supreme Court.[2] *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000); *In re Scheller*, 325 S.W.3d 640 (Tex. 2010); *In re Chambliss*, 257 S.W.3d 698 (Tex. 2008). Presumably Christopher is complaining that the evidence was insufficient to establish that his appointment as managing conservator would significantly impair the children's physical health or emotional well-being. However, none of the cases cited by Christopher are comparable to this situation. The cases cited above, *Troxel*, *Scheller*, and *Chambliss,* all involve situations in which grandparents were seeking visitation with their grandchildren who were currently residing with a parent.

---

[1] Mitzi filed an answer but did not appear at the final hearing and has not appealed the judgment. Therefore, we will not discuss the portions of the order relating specifically to her.

[2] Christopher does not set forth whether he is challenging the legal or factual sufficiency of the evidence; however, it is not necessary to make that distinction here.

None were modification proceedings. Here, A.H. and C.A.H., II were not residing with either parent at the time of the final hearing, but had been residing with Shawn and Barbara for well over a year.

There is a presumption that a parent should be appointed as a managing conservator unless that appointment would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, generally referred to as the "parental presumption." TEX. FAM. CODE ANN. § 153.131(a). However, this presumption does not apply to modification proceedings. *In re V.L.K.*, 24 S.W.3d 338, 342 (Tex. 2000).

Further, it was not necessary for the evidence to demonstrate Christopher's lack of "fitness" as a parent or significant impairment because the parental presumption did not apply. *In re V.L.K.*, 24 S.W.3d at 341. Rather, the standard for granting the modification is set forth in section 156.101 of the Family Code. *See* TEX. FAM. CODE ANN. § 156.101 (West 2011) (petitioner need only demonstrate that modification would be in the children's best interests and that the children were voluntarily relinquished to another person for at least six months). Therefore, it is not necessary for us to address the evidence relating to any significant impairment of the children.

Christopher does not argue that the evidence was insufficient regarding the statutory grounds in section 156.101. Nor does he challenge the constitutionality of the

statutory provisions. The trial court's judgment was not erroneous. We overrule

Christopher's sole issue.

*Conclusion*

Having found no error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 29, 2012
[CV06]