NO. 07-12-00402-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 3, 2012

IN RE: BRADLEY EARL ROBERTS, RELATOR

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator Bradley Earl Roberts (the father) has filed a petition seeking a writ of mandamus compelling respondent, the Honorable Jack M. Graham, associate judge of County Court at Law Number Two of Randall County, to vacate a temporary order. The order concerns K.R.R., the daughter of the father and the mother Audra Marie Roberts, and was issued after the Texas Department of Family and Protective Services was appointed temporary managing conservator of K.R.R. It conditionally provided for the child's maternal grandparents to have weekend visitation with K.R.R. Real parties in interest, the Department and the mother, have filed responses to the petition. We will deny the father's petition.

Background

In a July 29, 2009 divorce decree the court appointed the father and the mother joint managing conservators of K.R.R. The mother was granted the right to designate

the child's primary residence without geographic restriction. In December 2011, the father filed a motion to modify requesting a geographic restriction limiting the primary residence of K.R.R. to Randall County.

During January 2012, K.R.R. allegedly made outcries of abuse by the mother. A report was made to the Department. A January 12, 2012 temporary order granted the Department temporary managing conservatorship and K.R.R. was placed with her paternal grandparents. The Department intervened in the pending suit affecting parent-child relationship (SAPCR) through a pleading containing alternative counts that included a request for termination of the parent-child relationships between K.R.R. and the father and the mother.

In a temporary order of January 24 issued after a full adversary hearing,[1] the trial court found:

> (1) There was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child; (2) the urgent need for protection required the immediate removal of the child and reasonable efforts consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and (3) reasonable efforts have been made to enable the child to return home, but here is a substantial risk of a continuing danger if the child is returned home. . . . The court finds the appointment of the parent or parents as managing conservator of the child is not in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development.

The order also named the Department temporary managing conservator of K.R.R. with all the rights and duties set forth in Family Code § 153.371. Among these are the right of physical possession of K.R.R., the right to designate her primary

---

[1] Tex. Fam. Code Ann. § 262.201 (West Supp. 2012).

residence, and the duty of care, control and protection of the child. Tex. Fam. Code. Ann. § 153.371(1),(2),(10) (West 2008). The appointment of the Department obligated the parties and the trial court to try or dismiss the Department's termination suit within one year. Tex. Fam. Code Ann. § 263.401(a) (West 2008). The trial court later referred the matter to Judge Graham.

On June 14, 2012, Judge Graham conducted a permanency hearing. A Department conservatorship worker testified to a proposed visitation arrangement between the mother and K.R.R. under the supervision of the mother's parents. The worker pointed out that the father had visitation with K.R.R. under the supervision of his mother. In the opinion of the worker, visitation between the mother and K.R.R., under the supervision of the mother's parents, was in the best interest of K.R.R. After the hearing, Judge Graham's order included the following:

> The Court finds that neither the child's parents nor any other person or entity entitled to service under Chapter 102, Texas Family Code is willing and able to provide the child [K.R.R.] with a safe environment, and therefore return of the child to a parent or other person or entity is not in the child's best interest; The child continues to need substitute care and the child's current placement is appropriate for the child's needs.
>
> ***
>
> The Court finds that the following plans or services are needed to meet the child's special needs or circumstances:
>
> ***
>
> After a background check has been completed on all the residents in the maternal grandparents' home, and if there are no concerns by the Department, the maternal grandparents shall have visitation with [K.R.R.] on the first and third Friday of each month. Said visitation shall begin on Friday at 6:00 p.m. and end the following Sunday at 6:00 p.m.

3

The order set January 14, 2013 as the case dismissal date with the next permanency hearing set for October 1, 2012, and trial set for January 3, 2013.

Analysis

In this proceeding, the father contends Judge Graham's conditional order of access to K.R.R. by the maternal grandparents constituted a clear abuse of discretion. The father's only basis for that contention is that the maternal grandparents neither filed pleadings seeking access to K.R.R. as required by Family Code § 153.432 nor possessed a prior order granting them a right of access or visitation.

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992); *see In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (explicating adequate remedy by appeal). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.,* 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker,* 827 S.W.2d at 839. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker,* 827 S.W.2d at 840. Mandamus may be an appropriate means of challenging an otherwise unappealable temporary order. *In re Derzapf,* 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding) (per curiam).

The father's argument is unpersuasive, primarily because it ignores the change in the proceedings before the trial court that resulted from the Department's intervention

4

in the parents' SAPCR and its appointment as temporary managing conservator of the child. Chapter 153 of the Family Code, under which the parents were litigating their disagreements, "is the primary source of law for a SAPCR involving litigation between the parents of a child." John J. Sampson, Harry L. Tindall, *et al.,* Sampson & Tindall's Texas Family Code Annotated, Chapter 153 Introductory Comment, p. 567 (Aug. 2012 ed.). "Possession of or access to a child by a grandparent is governed by the standards established by Chapter 153." Tex. Fam. Code Ann. § 102.004(c) (West 2008); *In re Chambless,* 257 S.W.3d 698, 700 (Tex. 2008). The grandparent access statute is codified at Family Code §§ 153.432-34. *In re Derzapf,* 219 S.W.3d at 328. Section 153.432 authorizes a grandparent to file an original suit seeking access to a grandchild "without regard to whether the appointment of a managing conservator is an issue in the suit." *In re Schoelpple,* No. 14-06-01038-CV, 2007 Tex. App. Lexis 902, at *5 n.6 (Tex.App.--Houston [14th Dist.] 2007, orig. proceeding) (mem. op.). But chapter 153 does not direct disposition of the issue at hand since the subject of the trial court's order is not the mother's parents' standing under that chapter to intervene and seek possession or access to K.R.R.

These proceedings no longer involve only the parents, or even only the parents and grandparents. With the child's removal and the Department's intervention, the proceedings also involve the governmental entity's responsibility to protect the health and safety of the child, addressed in Family Code Chapters 262 and 263. The Department's duties as the child's temporary managing conservator include that of securing for the child a safe alternative placement, if at all possible outside the foster care system. *See* Sampson & Tindall, Comment, Family Code § 262.114, p. 1065

("The legislature continues to push [the Department] to identify, locate, evaluate and, if at all possible, place the child with a relative or other caregiver outside the foster care system"). Nothing in Chapters 262 or 263 suggests that relatives with whom the Department places a child under those chapters are limited to those affirmatively seeking judicial possession or access to the child, and relator's petition does not contend the trial court's order for visitation with the maternal grandparents, made at the Department's behest, contravenes any provision of Chapters 262 or 263.

At the permanency hearing, the court was required to, *inter alia,* return K.R.R. to her parents if the statutory conditions were satisfied, and to "evaluate the [Department's] efforts to identify relatives who could provide the child with a safe environment, if the child is not returned to a parent . . . ." Tex. Fam. Code Ann. § 263.306(a)(5),(6) (West Supp. 2012). The record indicates the trial court performed this function. Finding reunification not in the best interest of K.R.R., it found the plans and services necessary to meet her special needs included visitation with the maternal grandparents.

The father has not demonstrated Judge Graham abused his discretion simply by permitting weekend visitation by grandparents who have not intervened in the proceeding. Accordingly, we deny his petition for mandamus.

James T. Campbell
Justice

6