**In re Karen MAYS–HOOPER.**

No. 04–1040.

Supreme Court of Texas.

April 7, 2006.

Thomas M. Michel, Griffith, Jay, Michel & Moore, L.L.P., Robert T. Stites, Law Offices of Robert T. Stites, Fort Worth, for Relator.

J. Stephen King, Heather Leah King, Law Offices of J. Stephen King & Heather L. King, Fort Worth, for Real Party in Interest.

PER CURIAM.

In *Troxel v. Granville,* 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), the Supreme Court of the United States held unconstitutional a Washington trial court's order granting a boy's grandparents visitation rights over the objection of his mother. Because the trial court's order here is indistinguishable, it must meet the same fate.

The subject of these proceedings is a son born to Karen Mays–Hooper and her husband Kelly Hooper in 1997. The couple divorced in 2000, and Kelly died in 2003. After Kelly's death, conflicts arose between Karen and her mother-in-law, Linda Thornton, resulting in a suit by the latter for court-ordered access to the child. *See* Tex. Fam. Code § 153.432. The trial court rejected Karen's claims that the statute was unconstitutional and awarded her mother-in-law "possession" of the child for one weekend a month, two weeks in the summer, four days during Christmas vacation, and alternating Thanksgiving weekends, as well as access through weekly telephone calls. A panel of the Second Court of Appeals voted 2–1 to deny relief, and the entire court voted 4–3 to deny the motion for rehearing *en banc.* We reach the opposite conclusion.

The facts in *Troxel* are in all relevant respects the same as those here. In *Troxel,* the father of two daughters died, and his parents sought court-ordered visitation over the mother's objection. The trial court ordered visitation one weekend per month, one week during the summer, and four hours on each grandparent's birthday.

The Supreme Court found the trial court's order unconstitutional, although none of the six opinions garnered a majority. A plurality of four justices found the visitation statute in *Troxel* unconstitutional

as applied, pointing to three factors: (1) the child's mother was not unfit, (2) her decisions about grandparent access were given no deference, and (3) she was willing to allow some visitation. *Troxel,* 530 U.S. at 68–71, 120 S.Ct. 2054. The plurality declined to say when a visitation statute would violate the Due Process Clause facially, as "the constitutional protections in this area are best 'elaborated with care.' " *Id.* at 73, 120 S.Ct. 2054 (quoting *id.* at 101, 120 S.Ct. 2054 (Kennedy, J., dissenting)). Justice Souter concurred in the judgment, but would have held the statute unconstitutional on its face. *Id.* at 76–77, 120 S.Ct. 2054. Justice Thomas concurred in the judgment, noting only that neither party challenged the Court's substantive-due-process jurisprudence, and that he would have applied a strict-scrutiny standard of review. *Id.* at 80, 120 S.Ct. 2054. Justices Stevens, Scalia, and Kennedy each dissented in different opinions for different reasons. *Id.* at 80–102, 120 S.Ct. 2054.

■ We need not sort out all the opinions in *Troxel;* because the facts here are virtually the same, the judgment must be the same too. In this case (as in *Troxel* ) there was no evidence that the child's mother was unfit, no evidence that the boy's health or emotional well-being would suffer if the court deferred to her decisions, and no evidence that she intended to exclude Thornton's access completely.

Thornton attempts to distinguish *Troxel* in two respects. First, she points out that the Texas statute applies only to grandparents related to a parent who has lost access (due to termination of rights, incompetency, incarceration, or death), and thus is not as broad as the one in *Troxel* that allowed "[a]ny person" at "any time" to seek visitation. *Id.* at 60, 120 S.Ct. 2054. But as the statute in *Troxel* was unconstitutional *as applied* to the specific context

of grandparents related to a deceased father, it is hard to see why a statute limited to that context would fare any better.

■ Thornton also argues that the trial court "gave special weight to Karen's determinations for the child," but points to nothing other than the trial court's careful attention to her testimony. Karen articulated several reasons for not wanting to turn her son over to her mother-in-law (differences about church attendance, what to say about Kelly's death, and alleged inattention by her mother-in-law), which the trial court apparently rejected without stating any reason. "[S]o long as a parent adequately cares for his or her children (*i.e.,* is fit), there will normally be no reason for the State to inject itself into the private realm of the family. . . ." *Id.* at 68, 120 S.Ct. 2054. The trial court did not indicate any reason why that rule should not be followed here.

As the statute at issue here has since been amended,[1] we decline the parties' invitation to analyze the repealed statute more extensively. As the parties agree mandamus relief is appropriate if the trial court's temporary orders were a clear abuse of discretion, we grant it. *See Little v. Daggett,* 858 S.W.2d 368, 369 (Tex.1993).

Without hearing oral argument, TEX. R. APP. P. 52.8(C), we conditionally grant mandamus relief and direct the trial court to vacate its order of September 21, 2004 granting grandparent possession. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

Justice WILLETT did not participate in the decision.

---

1. Act of May 27, 2005, 79th Leg., R.S., ch.     484, 2005 Tex. Gen. Laws 1345.