

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00402-CV

## IN RE AMANDA KAYE PAYNE

_____

## Original Proceeding

## MEMORANDUM  OPINION

Amanda Payne seeks a writ of mandamus to compel the trial court to withdraw a temporary order entered in a custody modification proceeding that restricted the residence of her two children to Leon County.  TEX. FAM. CODE ANN. § 156.006 (West 2011).  Because we find that the trial court abused its discretion in making the temporary order, we conditionally grant relief.

Donald Christopher Payne and Amanda Kaye Payne were divorced in 2006.  Their divorce decree named them joint managing conservators of the children and Amanda was named the parent with the right to designate the children's domicile without a geographical restriction.  Amanda became involved in a relationship earlier in 2011, became engaged in July, and got married shortly after being served with the

papers in this modification proceeding in late July. When Amanda became engaged, she gave notice at her job and decided to move to Abilene with her now-husband because he has children that he has possession of every other week that is limited to Taylor County. Upon hearing of this possible move from a third person, Chris filed this modification action and sought temporary orders to either place the children with him or to restrict the children's residence to Leon County. The trial court granted the geographical restriction after a hearing.

*Propriety of Mandamus*

Mandamus is the appropriate mechanism to challenge temporary orders made while a child custody modification suit is pending because such orders are interlocutory and not appealable. *In re Mays-Hooper*, 189 S.W.3d 777, 778, 49 Tex. Sup. Ct. J. 502 (Tex. 2006) (orig. proceeding); *Little v. Daggett*, 858 S.W.2d 368, 369, 36 Tex. Sup. Ct. J. 1054 (Tex. 1993) (orig. proceeding); *In re Levay*, 179 S.W.3d 93, 95 (Tex. App.—San Antonio 2005, orig. proceeding). Generally, a writ of mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40, 35 Tex. Sup. Ct. J. 468 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* at 839. Moreover, "[a] trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or

principles." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422, 45 Tex. Sup. Ct. J. 571 (Tex. 2002) (orig. proceeding).

*Modifications of Custody*

In a suit for modification of a custody order, pursuant to section 156.006(b) of the Family Code a trial court may not enter any temporary order that has the effect of modifying the designation of the person who has the exclusive right to designate the primary residence of a child under a final divorce decree unless at least one of three enumerated conditions exists:

(1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development;

(2) the person designated in the final order has voluntarily relinquished the primary care and possession of the child for more than six months and the temporary order is in the best interest of the child; or

(3) the child is 12 years of age or older and has filed with the court in writing the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child and the temporary order designating that person is in the best interest of the child.

TEX. FAM. CODE. ANN. § 156.006. In order to determine whether a temporary order effectively changes the person with the exclusive right to designate a child's primary residence, we examine the temporary order in relation to the final order previously rendered. *In re Sanchez*, 228 S.W.3d 214, 217 (Tex. App.—San Antonio 2007, orig. proceeding). A temporary order that deprives a custodial parent of any discretion inherent in the right to determine the child's primary residence has the effect of

changing the designation of the person with the exclusive right to designate the child's primary residence. *In re Winters*, No. 05-08-01486-CV, 2008 Tex. App. LEXIS 9183 at *6 (Tex. App.—Dallas Dec. 11, 2008, orig. proceeding) (mem. op.); *see In re Sanchez*, 228 S.W.3d at 217; *see also In re Levay*, 179 S.W.3d at 96; *In re Ostrofsky*, 112 S.W.3d 925, 929 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The trial court's temporary order restricting the residence of the children to Leon County pending a final hearing deprives Amanda of her exclusive right under the divorce decree to designate the primary residence of the children without regard to geographical location.

No party contends in the trial court or here that the provisions of section 156.006(b)(2) and (b)(3) apply in this case. For section 156.006(b)(1) to apply, the district court must have heard evidence sufficient to find that "the order is necessary because the child[ren]'s present circumstances would significantly impair the child[ren]'s physical health or emotional development." *See* TEX. FAM. CODE ANN. § 156.006(b)(1). There was no such evidence presented.

Both parents testified at the hearing and the trial court interviewed the children outside of the presence of the parties. Amanda did not tell the children of the possible move, rather Chris told the children that they were moving to Abilene when he found out that it was a possibility during his summer possession. Initially the children were "crying" and "shocked" at the idea of moving at that time; by the time of the temporary hearing they were looking forward to the move but sad at leaving their friends and

family, which included an extensive extended family. There was no evidence of bad parenting or bad acts directed at the children by either party, and the trial court admitted as such several times during the hearing. Both parents agreed that there were no issues with the parenting skills of either parent or step-parent nor was there any question regarding the safety of the children based on their prior history. Rather, the trial court's motivation seemed to be based, at least in part, on avoiding a second move back to Leon County in the event the modification was granted at the final hearing. This would be reasonable to consider if the only standard were the best interest of the child. However, the standard for making a modification in a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child has been set very high by the Legislature in requiring the finding of significant impairment. The evidence before the trial court was insufficient to establish significant impairment. The trial court abused its discretion in restricting the residence of the children to Leon County.

*Conclusion*

We conditionally grant Amanda Payne's mandamus petition. A writ will issue only if Respondent fails to withdraw her order restricting the residence of the children to Leon County within fourteen days after the date of this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Justice Scoggins dissenting)
Writ Conditionally Granted
Opinion delivered and filed December 2, 2011
[OT06]