

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-12-00718-CV

**IN RE** Kady Miranda **KELLY**

Original Mandamus Proceeding[1]

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 12, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On October 26, 2012, relator Kady Miranda Kelly filed a petition for writ of mandamus, complaining of the trial court's April 10, 2012 temporary order granting grandparent possession and access.  We conclude the trial court erred in awarding grandparent access.  Therefore, we conditionally grant mandamus relief.

### BACKGROUND

This proceeding arises out of an original petition seeking grandparent access filed in the trial court on February 14, 2012 by Sandra Hernandez and Michael Hernandez (hereinafter "the Hernandezes").  The petition seeks access to N.M.H. who is the twenty-one month old son of

---

[1] This proceeding arises out of Cause No. 2012-CI-02302, styled *In the Interest of N.M.H.*, pending in the 438th Judicial District Court, Bexar County, Texas, the Honorable Victor Negrón, Jr. presiding.  However, the order complained of was signed by the Honorable John D. Gabriel, presiding judge of the 131st Judicial District Court, Bexar County, Texas.

Michael Anthony Hernandez, II, deceased (hereinafter "Michael") and Kady Kelly (hereinafter "Kady"). Michael died on January 9, 2012. On March 14, 2012, the trial court held a hearing on the temporary order in which the Hernandezes sought access to N.M.H. The Hernandezes and Kady each testified at the hearing. At the conclusion of the hearing, the trial court granted the Hernandezes supervised access. This petition for writ of mandamus ensued.

## ANALYSIS

### I. Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Id.* The Texas Supreme Court has held that a trial court abuses its discretion when it grants access to a grandparent who has not met the standard set out in section 153.433 of the Texas Family Code. *In re Derzapf*, 219 S.W.3d 327, 333 (Tex. 2007) (orig. proceeding). Furthermore, a parent lacks an adequate remedy by appeal when a trial court errs in awarding grandparent access. *See id.* at 335. Therefore, mandamus relief is available to review an order that grants grandparent access. *See id.*

### II. Access to Grandchild Under Family Code Section 153.433

In order for a trial court to award a grandparent access to a grandchild, the strict requirements set out in section 153.433 of the Texas Family Code must be met. TEX. FAM. CODE

§ 153.433 (West Supp. 2012). In part, section 153.433(a) requires that the grandparent requesting possession of or access to the child overcome "the presumption that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being." *Id.* § 153.433(a)(2). The Texas Supreme Court has emphasized that section 153.433(a) imposes a high threshold for the grandparent to overcome the presumption that a fit parent acts in his or her child's best interest. *Derzapf*, 219 S.W.3d at 334.

Therefore, in order for the trial court to have the discretion to award grandparent access, the Hernandezes had to overcome the statutory presumption that Kady is acting in the best interest of N.M.H. by proving by a preponderance of the evidence that denying the Hernandezes access to N.M.H. would significantly impair N.M.H.'s physical health or emotional well-being. *See* TEX. FAM. CODE § 153.433(a)(2). At the hearing, Mrs. Hernandez testified that she thinks it is in N.M.H.'s best interest to continue a relationship with the Hernandezes. She further testified that without access to N.M.H., they will never have a close relationship with him and won't be able to share pictures of his dad. Mr. Hernandez testified they had watched N.M.H. "quite a few times." He further testified that he believed it would not be in N.M.H.'s best interest to have them cut out of his life and that he would benefit from a relationship with them. In response to the petition for writ of mandamus, the Hernandezes contend the denial of access to N.M.H. would significantly impair N.M.H.'s emotional well-being and there was evidence presented regarding the close relationship the Hernandezes share with N.M.H.

However, while we acknowledge the Hernandezes each testified as to their close relationship with N.M.H., a review of the record indicates the evidence at the hearing failed to meet the strict requirement that denying the Hernandezes access to N.M.H. would significantly

impair his physical health or emotional well-being. *See* TEX. FAM. CODE § 153.433(a)(2). Therefore, we conclude the Hernandezes did not meet their burden to warrant the trial court's interference with Kady's parental rights by awarding the Hernandezes court-ordered access to N.M.H. Accordingly, the trial court abused its discretion when it granted access to the Hernandezes when they had failed to meet the required standard. *See Derzapf*, 219 S.W.3d at 333.

### III. Waiver

The Hernandezes assert Kady waived her right to mandamus relief by delaying filing her petition for writ of mandamus in this court. When analyzing whether a relator's delay in filing a petition for writ of mandamus prevents the writ from being issued, the Texas Supreme Court has held that "[a]lthough mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941) (orig. proceeding)). In determining if a relator's delay prevents the issuance of the writ, we analogize to the doctrine of laches. *In re ExxonMobil Prod. Co.*, 340 S.W.3d 852, 860 (Tex. App.—San Antonio 2011, orig. proceeding [mand. denied]). A party asserting the defense of laches must show: (1) unreasonable delay by the other party in asserting its rights, and (2) harm resulting to the party as a result of the delay. *See id.* Additionally, because this is a proceeding regarding access to a child, the primary consideration is the best interest of the child. *See* TEX. FAM. CODE § 153.002 (providing that "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child"); § 153.433.

As to the first consideration of whether Kady has unreasonably delayed in seeking relief from the trial court's order, Kady contends that although she requested the transcript of the proceeding, she did not receive the transcript until July 3, 2012. However, Kady does not explain the almost four month delay from the time the transcript was received until the petition was filed in this court. Therefore, we turn to whether the Hernandezes have established the necessary showing of harm. The Hernandezes contend that if the trial court's order is vacated it would cause harm to N.M.H. because the bond between him and the Hernandezes has only grown stronger. However, we conclude that the allegation of harm made by the Hernandezes is not sufficient in this case to warrant a finding that it is in N.M.H.'s best interest to conclude that Kady waived her right to mandamus relief.

## CONCLUSION

Based on the foregoing analysis, we hold the trial court clearly abused its discretion in granting the Hernandezes access to N.M.H. Accordingly, we conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court fails to comply within fourteen days.

Karen Angelini, Justice