

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00688-CV

**IN RE** Jennifer G. **ELLIOTT**

Original Mandamus Proceedings[1]

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 20, 2013

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On October 7, 2013, relator Jennifer G. Elliott filed a petition for writ of mandamus complaining of the trial court's February 2013 order appointing the paternal grandmother a possessory conservator of Elliott's child and awarding her court-ordered access. We conclude the trial court abused its discretion in appointing the grandmother a possessory conservator and in awarding court-ordered access where the grandmother has not overcome the presumption favoring the parent. *See* TEX. FAM. CODE ANN. § 153.433(a)(2) (West Supp. 2012). Therefore, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 2006EM503919, styled *In the Interest of I.G.R., A Child*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter A. Sakai presiding.

**BACKGROUND**

In August 2006, the trial court entered an initial order in a suit affecting the parent-child relationship naming the child's mother and father as joint managing conservators of the child. Elliott was given the exclusive right to designate the child's primary residence and the father was awarded visitation and ordered to pay child support. The child's father moved out of state in 2010 and did not regularly exercise his right to possession of the child after that time.

In anticipation of enlisting in the military, in February 2012, Elliott filed a petition to modify the prior orders. In the modification suit, Elliott sought to be named sole managing conservator of the child and to modify the father's access to provide only supervised visitation. An agreed temporary order was signed on March 26, 2012 specifying that, during the period of time that Jennifer Elliott was in basic training, in lieu of the father's visitation, the paternal grandparents could have access to the child on the first and third weekends of every month. Subsequent to the agreed order, Elliott and the child's father entered into a further agreement that Dr. Dina Trevino would be consulted to determine whether access by the father and the paternal grandmother was in the best interest of the child and, if so, under what conditions. That agreement was signed by counsel for both parties and was filed with the court in May 2012.

Elliott enlisted in the U.S. Army in July 2012 and left Texas to attend basic training out of state. She was severely injured in an accident during basic training and had to be hospitalized for an extended period of time while undergoing multiple surgeries.

On January 10, 2013, the paternal grandmother filed a petition in intervention in the modification suit seeking to be appointed a conservator of the child or, alternatively, "reasonable Grandparent Access pursuant to Subchapter H of the Texas Family Code," or "to be allowed to exercise any and all visitation awarded to [the child's father]." On the same day, the grandmother also filed a motion for temporary orders in which she sought the same relief. A hearing was held

on January 25 on the grandmother's motion for temporary orders. At the time of the hearing, Elliott was recovering from her injuries and was unable to appear in court. The child's father was residing in another state and was also not present. Elliott's husband appeared at the hearing and responded to the judge's questions regarding his wife's current condition and the child's status, but he did not provide any sworn testimony. No other witnesses were presented, no testimony was taken, and no evidence was submitted to the court. While talking with Elliott's husband and the grandmother's lawyer, the judge stated several times that he would not change the terms of the March 2012 agreed order. At the very end of the hearing, grandmother's counsel stated, "That's all, Judge, unless I can convince you that the actual order for a possessory conservator would be in the best interest of the child – a temporary possessory conservator." The judge responded, "Temporary I think would be called for to give her a position with regard to exercising what I put in this order."

Following the hearing, grandmother's counsel presented an order to the presiding court judge, which was signed on February 1. The order appoints the paternal grandmother a possessory conservator of the child and includes the court's "findings" that the paternal grandmother, "has had substantial past contacts with [the child] and that she should be appointed a Possessory Conservator." The order also states that such appointment would be in the child's best interest. The grandmother was awarded court-ordered access on the first and third weekend of every month[2] and was given the rights, privileges and duties of a possessory conservator.

Based upon this order, the grandmother filed a motion for contempt in August 2013, alleging Elliott had "contemptuously disobeyed" the orders of the court by failing to provide her with information regarding the child's school and medical providers, and refusing to release the child for visitation. The grandmother sought a fine, imprisonment, or both for each alleged

---

[2] The visitation awarded was not limited to the period of Elliott's basic training as the parties' original agreement had been.

violation. The hearing on the motion for contempt was scheduled for September 12, but was re-set to November. Elliott responded to the petition in intervention with an answer and motion to strike or dismiss the petition on September 27. A hearing on Elliott's motion to strike or dismiss the petition in intervention was scheduled for October 4. This hearing was also re-set to allow proper service on the father.[3]

Elliott filed this petition for writ of mandamus complaining of the trial court's February 2013 order awarding possessory conservatorship and court-ordered access to the grandmother. This court requested and received a response from the grandmother as the real party in interest.

## ANALYSIS

### I. Standard of Review

Mandamus will issue to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A failure to correctly analyze or apply the law will constitute an abuse of discretion. *Id.* Mandamus review is available to review a trial court's temporary orders for grandparent possession and access. *See In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding)

### II. Grandparent Access Under the Texas Family Code

The trial court has great discretion to make temporary orders in a pending suit, including an order for the temporary conservatorship, "for the safety and welfare of the child." *See* TEX. FAM. CODE ANN. § 105.001(a)(1) (West 2008). Such temporary orders may generally be entered

---

[3] The grandmother's motion for contempt and Elliott's motion to strike or dismiss remained pending at the time this mandamus proceeding was filed. This court issued a stay of any proceeding to enforce the order complained of on October 8, 2013.

only after a hearing. "Possession of or access to a child by a grandparent is governed by the standards established by Chapter 153 [of the Texas Family Code]." TEX. FAM. CODE ANN. § 102.004(c) (West 2008).

The grandparent access statute provides that a court has discretion to order reasonable possession or access to a grandparent only if certain conditions are met. Those conditions include that the grandparent requesting possession or access overcome "the presumption that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being." TEX. FAM. CODE ANN. § 153.433(a)(2). In addition, the grandparent must be, "a parent of a parent of the child and that parent of the child" must be incarcerated, found incompetent, deceased or one who "does not have actual or court-ordered possession of or access to the child." TEX. FAM. CODE ANN. § 153.433(a)(3) (West Supp. 2012). A trial court abuses its discretion when it grants access to a grandparent who does not meet these standards. *Derzapf*, 219 S.W.3d at 333 (Tex. 2007).

The parental presumption is rooted in the notion that a parent's right to make decisions regarding the care, custody and control of their child is fundamental and "far more precious than any property right." *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982); *In the Interest of M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). "So long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family." *In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006) (orig. proceeding) (quoting *Troxel*, 530 U.S. at 68); *see also In re Chambless*, 257 S.W.3d 698, 700 (Tex. 2008) (orig. proceeding) ("A parent must be given a meaningful opportunity to be heard before a trial court awards temporary grandparental visitation.").

The record reflects that prior to the order awarding possessory conservatorship and court-ordered access to the grandmother, the trial court received no evidence that denial of possession or access would significantly impair the child's health or well-being. *See* TEX. FAM. CODE ANN. § 153.433(a)(2). The grandmother did not meet her burden to overcome the presumption that Elliott would act in her child's best interest. *See id.*; *In re Kelly*, 399 S.W.3d 282, 284 (Tex. App.—San Antonio 2012, orig. proceeding). Thus, the trial court's order was an abuse of discretion.

## III. Waiver

In her response to the petition for writ of mandamus, the grandmother argues Elliott waived her right to mandamus relief by failing to seek mandamus relief for eight months after the order complained of was signed. When determining whether a relator's delay precludes mandamus relief, we analogize to the doctrine of laches. *See Kelly*, 399 S.W.3d at 285. A party asserting the doctrine of laches must show not only an unreasonable delay by the other party, but also that harm resulted from the delay. *See In re Exxon-Mobil Prod. Co.*, 340 S.W.3d 852, 860 (Tex. App.—San Antonio 2011, orig. proceeding). Additionally, because this proceeding concerns possession of and access to a child, we are guided by what is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 153.002 (West 2008) (best interest is always the primary consideration in determining issues related to conservatorship, possession and access). Based upon the record, the mother's physical condition during the past year and the fact that she was not legally represented for much of that time, we conclude that eight months was not an unreasonable delay under these circumstances. Further, the grandmother has not established, or even asserted, any harm resulting from the delay. Accordingly, we conclude Elliott has not waived her right to mandamus relief by delay. *See Kelly*, 399 S.W.3d at 285.

**CONCLUSION**

The trial court abused its discretion in awarding the paternal grandmother possessory conservatorship and court-ordered access, even on a temporary basis, where the grandmother presented no evidence to overcome the presumption and without affording Elliott a meaningful opportunity to be heard on the issues of standing and the child's best interest.[4] *See Chambless*, 257 S.W.3d at 700; *Derzapf*, 219 S.W.3d at 333. Further, Elliott lacks an adequate remedy by appeal because the temporary orders divest her of fundamental rights, which is irremediable. *Derzapf*, 219 S.W.3d at 335; *Mays-Hooper*, 189 S.W.3d at 778. We conditionally grant mandamus relief and direct the trial court to vacate its February 1, 2013 "Additional Temporary Orders." The writ will issue only if the trial court fails to comply.

Luz Elena D. Chapa, Justice

---

[4] Because we conclude the trial court abused its discretion on this basis, we do not address the other arguments raised in Elliott's mandamus petition.