**Opinion filed December 10, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00351-CV
_____

## IN THE INTEREST OF G.L.A. AND G.M., CHILDREN

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM56304**

## M E M O R A N D U M   O P I N I O N

Appellant is G.L.A.'s and G.M.'s mother; she appeals from an order in which the trial court granted grandparent visitation to Appellee, G.L.A.'s and G.M.'s paternal grandmother. We reverse and remand.

In two issues, Appellant argues that Appellee presented insufficient evidence to overcome the presumption that Appellant acted in the best interest of the children. Appellant asserts that Appellee failed to show that denial of possession of or access to the children would significantly impair the children's emotional well-being. Appellant maintains that the trial court therefore abused its discretion.

Before this suit was filed, G.L.A.'s and G.M.'s father died. The record reveals that, after he died, his mother—Appellee—filed a petition in which she sought grandparent access to G.L.A. and G.M. At a temporary hearing, the trial court granted Appellee possession of and access to G.L.A. and G.M. at times mutually agreed upon by Appellant and Appellee.

Shortly after the temporary hearing, Appellant and the children moved to Louisiana. After Appellant moved, the only contact between Appellee and her grandchildren was by telephone. At the final hearing, the trial court granted Appellee possession of G.L.A. and G.M. one weekend per month and one week during the summer, and it also granted telephonic access one time each month.

Section 153.433(2) of the Texas Family Code requires that a grandparent who is seeking court-ordered access must overcome the presumption that a parent acts in the best interest of his or her child. TEX. FAM. CODE ANN. § 153.433(2) (West 2014); *In re Derzapf*, 219 S.W.3d 327, 333 (Tex. 2007). To overcome the parental presumption, the grandparent must prove by a preponderance of the evidence that "denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being." FAM. § 153.433(2). The supreme court recently recognized that "so long as a parent adequately cares for his or her children (*i.e.*, is fit), there will normally be no reason for the State to inject itself into the private realm of the family." *In re Derzapf*; 219 S.W.3d at 333 (quoting *In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006)) (internal quotation marks omitted). A trial court abuses its discretion when it grants access to a grandparent who has not met this standard. *Id.*

Challenges to the sufficiency of the evidence are not independent grounds of error in a review of custody determinations but are relevant factors in assessing whether the trial court abused its discretion. *Casas v. Adriano*, No. 13-06-373-CV, 2007 WL 1941422, at *2 (Tex. App.—Corpus Christi July 5, 2007, no pet.); *In re*

*T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied). In these suits, the traditional sufficiency standards of review overlap the abuse of discretion standard, and appellate courts apply a two-prong analysis: (1) whether the trial court had sufficient information upon which to exercise its discretion and (2) whether the trial court erred in applying its discretion. *Casas*, 2007 WL 1941422, at *2; *Child v. Leverton*, 210 S.W.3d 694, 696 (Tex. App.—Eastland 2006, no pet.).

At the final hearing, screen shots of text messages were admitted into evidence. Appellee believed that these text messages indicated that Appellant would not comply with any court-ordered access to the children. However, Appellant contends that those text messages were taken out of context. At that time, Appellee had not seen her grandchildren since the temporary hearing. She had concerns that the arrangement ordered in the temporary hearing would not be effective and that she would never get to see her grandchildren. However, Appellee conceded that, after the death of the children's father, Appellant voluntarily took both children to visit Appellee. Appellee testified that, prior to the death of her son, she had a relationship with the oldest child, G.L.A. To support her contention, Appellee presented several photographs that reflected her interaction with G.L.A. Appellee asserted that she believed that the children's emotional development would be significantly impaired if G.L.A. and G.M. never got to see her. However, the only such testimony arose during the direct examination of Appellee:

> Q. Do you believe you having some type of visitation with your grandchildren is in their best interests?
>
> A. Yes, I do.
>
> Q. And how strongly do you feel it would significantly impair your grandchildren's emotional development if you never got to see your grandchildren?
>
> A. I know it would. Absolutely.

Appellee's conclusory testimony as to her belief that the children's emotional development would be significantly impaired is the only supporting evidence that Appellee presented to overcome the parental presumption under the grandparent access statute. We previously said in *In re J.M.T.*, that the evidence is lacking where "[i]t essentially consists of an affirmative response from an interested witness (one of the grandparents seeking access to the child) to a question that tracked the language of the statute." 280 S.W.3d 490, 493 (Tex. App.—Eastland 2009, no pet.). As in *In re J.M.T.*, Appellee did not explain why she believed that the children's emotional development would be significantly impaired absent visitations with her, nor did she elaborate in any other manner that would support her contention. We conclude that, without more, Appellee presented insufficient evidence to overcome the parental presumption that Appellant acted in the best interest of the children. The trial court, therefore, abused its discretion when it granted grandparent access to Appellee. Accordingly, Appellant's first and second issues are sustained.

We reverse the order of the trial court and remand for further proceedings consistent with this opinion.


JIM R. WRIGHT
CHIEF JUSTICE


December 10, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.