# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00222-CV

---

### In re Michael L. Bird

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Michael L. Bird has filed a pro se petition for writ of mandamus complaining of three orders: (1) the temporary orders signed by a Houston County district court in September 2017 and transferred to Bell County in 2019, (2) an order signed by a Bell County district court in November or December 2019, and (3) a protective order issued by a Houston County court at law in February 2019 in a separate proceeding. As explained below, we conditionally grant partial mandamus relief. *See* Tex. R. App. P. 52.8(a).

### PROCEDURAL SUMMARY

In August 2006, the Houston County district court signed a divorce decree that awarded Bird the right to designate the primary residence of his daughter A.B., who was born in November 2004. Bird and his ex-wife, real party in interest Angelique Ledesma, worked out an arrangement in which A.B. would live with each parent for one year at a time, switching after each school year to live with the other parent. Bird now lives in Bell County, and Ledesma lives in Houston County.

In the summer of 2016, Bird decided to exercise his exclusive right to designate A.B.'s primary residence and to keep her in Bell County for the school year, rather than continuing the year-on/year-off schedule. In August 2016, Ledesma filed a petition to modify in Houston County seeking to be given the right to designate A.B.'s primary residence and asserting that A.B. was distressed by Bird's change of plans.[1] On August 17, Bird filed a motion to transfer, reciting that venue was proper in Bell County because A.B. had lived there for more than six months before going to Houston County in June 2016 for summer visitation with Ledesma. *See* Tex. Fam. Code § 155.201(b) ("If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall . . . transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer."). Although it does not appear that Ledesma responded with a controverting affidavit, *see id.* § 155.204(c) (if opposing party does not file timely controverting affidavit, the proceeding shall be transferred without hearing to proper court), the Houston County district court denied Bird's motion to transfer.

In September 2016, while the motion to transfer was pending, the Houston County district court held a hearing on temporary orders and made an oral ruling that "[o]n a temporary basis, I'm going to leave her here" in Houston County. Bird objected to the court's ruling, arguing that the evidence was insufficient to support the change. For unknown reasons, the court did not issue written temporary orders until more than a year later, on September 18,

---

[1] In July 2015, the police raided Ledesma's house and arrested her husband on drug charges. A.B. was with Bird at the time and stayed there through the school year, returning to Ledesma's custody in Houston County in June 2016. Bird asserts that A.B. only went to Houston County for summer visitation with Ledesma, but Ledesma's affidavit filed with her petition to modify stated that it was not until July or August 2016 that Bird informed her that he had decided that A.B. should stay in Bell County for the 2016-2017 school year.

2

2017. In the written temporary orders, Ledesma was awarded the right to designate A.B.'s primary residence, and Bird was awarded visitation under the standard possession order and ordered to pay $800 a month in child support.

Bird sought mandamus relief in the Tyler Court of Appeals, complaining of the Houston County district court's denial of his motion to transfer and its temporary orders, and in January 2019, the court of appeals conditionally granted mandamus relief in his favor. *See In re Bird*, No. 12-18-00291-CV, 2019 WL 210829, at *3-4 (Tex. App.—Tyler Jan. 16, 2019, orig. proceeding) (per curiam) (mem. op.). The court held that the district court abused its discretion in denying Bird's motion to transfer venue and stated that because it was ordering the case transferred, it "need not address Bird's challenge to the temporary order." *Id*. at *4. On January 28, 2019, the Houston County district court signed an order transferring the case to Bell County.

Meanwhile, apparently on the same day the district court signed its transfer order, Ledesma filed in a Houston County court at law an application for a protective order. The county court issued a two-year protective order on February 11, 2019, finding that Bird had committed family violence and was likely to do so again in the future. The order bars Bird from going within 200 yards of Ledesma's home or A.B.'s school and bars him from removing A.B. from Ledesma's possession except as "explicitly authorized in a possession schedule ordered by" the Bell County courts. Bird filed a motion to vacate the protective order on April 16, 2019, and the county court declined to act because Bird was "past the time to file for a new trial or appeal." Bird again sought mandamus relief, but the Tyler Court of Appeals denied relief, explaining that Bird had an opportunity to appeal from the protective order but failed to do so. *See In re Bird*, No. 12-19-00184-CV, 2019 WL 2710249, at *2-3 (Tex. App.—Tyler June 28, 2019, orig. proceeding) (mem. op.) (citing Tex. Fam. Code § 81.009). The court also observed that Bird did

3

not file his motion to vacate in the county court within that court's plenary power. *Id.* at *3 (citing Tex. Fam. Code § 85.025(b)).

Meanwhile, Ledesma filed in Bell County a motion to enforce the temporary orders. At the conclusion of a hearing held in November 2019, the Bell County district court stated that it was declining to hold Bird in contempt but was granting judgment in favor of Ledesma for $13,665.16 in child support and $3,500 in attorney's fees. The Bell County court directed the parties to prepare an order for signature, but no such order appears in the mandamus record. In December 2019, Bird filed a motion to vacate the Bell County district court's order, but he says no action has been taken on his motion.[2]

## DISCUSSION

In this mandamus, Bird asks us to: (1) vacate the Houston County district court's temporary orders, signed in September 2017; (2) vacate the Bell County district court's November or December 2019 order; and (3) grant relief from the Houston County court at law's February 2019 protective order.

The protective order was issued in a suit separate from the SAPCR by the Houston County court at law, which is outside of our appellate district, and we therefore lack jurisdiction over that order. *See* Tex. Gov't Code § 22.221(b) (court of appeals has mandamus jurisdiction over judges "in the court of appeals district"); *In re Washington*, No. 03-19-00415-CV, 2019 WL 2998588, at *1 (Tex. App.—Austin July 9, 2019, orig. proceeding) (mem. op.) ("This Court does not have mandamus jurisdiction over any court officials of Cooke County,

---

[2] In February 2020, Bird filed in this Court a notice of appeal from the Bell County order on Ledesma's motion to enforce. That appeal is still pending. Also in February 2020, he filed in the Houston County court at law a motion to dissolve the protective order, and Bird asserts that no action has been taken on that motion.

4

which lies outside of our appellate district."); *In re Mack*, No. 03-19-00374-CV, 2019 WL 2384153, at *1 (Tex. App.—Austin June 6, 2019, orig. proceeding) (mem. op.) ("This Court does not have mandamus jurisdiction over any court officials of Anderson County, which lies outside of our appellate district."). Nor has Bird demonstrated that the exercise of our writ power is necessary to enforce our appellate jurisdiction. *See Mack*, 2019 WL 2384153, at *1.

We next consider Bird's challenge to the temporary orders, which were issued by the Houston County district court and then transferred to our jurisdiction when the suit affecting the parent-child relationship (SAPCR) was transferred to Bell County. Mandamus is an appropriate remedy when a trial court abuses its discretion in issuing temporary orders in a SAPCR. *See, e.g.*, *In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006) (orig. proceeding); *In re Lewin*, 149 S.W.3d 727, 734 (Tex. App.—Austin 2004, orig. proceeding); *In re Vernor*, 94 S.W.3d 201, 209-10 (Tex. App.—Austin 2002, orig. proceeding).

Initially, we disagree with Bird that the temporary orders issued by Houston County and transferred to Bell County are void. The family code explicitly gives a transferring court jurisdiction to enter temporary orders "[d]uring the transfer of" a suit affecting the parent-child relationship and that jurisdiction does not terminate until the case is docketed in the transferee court. Tex. Fam. Code § 155.005; *see In re Estes*, No. 07-17-00225-CV, 2017 WL 3122359, at *3 (Tex. App.—Amarillo July 19, 2017, orig. proceeding) (mem. op.) ("A mandatory duty to do something is not the functional equivalent of actually doing that thing. Therefore, because the trial court never entered an order transferring venue, . . . [the trial court] retained jurisdiction to enter temporary orders in accordance with the provisions of the Texas Family Code."). Because the Houston County district court had jurisdiction to enter the temporary orders, the orders are not void even if the cause should have been transferred to Bell

5

County well before the written orders were signed. *See* Tex. Fam. Code § 155.204(c); *but see In re L.C.R.*, No. 01-19-00667-CV, 2020 WL 3456595, at \*4 (Tex. App.—Houston [1st Dist.] June 25, 2020, orig. proceeding) (mem. op.) (trial court must transfer SAPCR if mandatory-transfer requirements are met, even if enforcement action is pending, and acting on "pending enforcement action before ordering mandatory transfer is an abuse of discretion"); *Fitzgerald v. Fitzgerald*, No. 14-12-00086-CV, 2013 WL 269040, at \*3 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, no pet.) (mem. op.) ("the trial court had a statutory, ministerial duty to transfer venue and thus lacked discretion to make further rulings in the case").

However, although the Houston County district court had jurisdiction to enter the temporary orders, a review of the record shows that the court lacked sufficient evidence to support changing the right to establish A.B.'s primary residence from Bird to Ledesma.

As relevant here, while a suit for modification is pending, a court may not render temporary orders changing the person with the exclusive right to designate the child's primary residence unless such a change is in the child's best interest and "the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." Tex. Fam. Code § 156.006(b)(1).[3] The "significant impairment" standard is a high one—exceeding the usual best-interest standard—and requires evidence of a parent's bad acts beyond a violation of a divorce decree or attempts to alienate the child from the other parent. *See, e.g.*, *In re Coker*, No. 03-17-00862-CV, 2018 WL 700033, at \*4 (Tex. App.—

---

[3] Section 156.006(b)(3) allows a trial court to change the parent with primary-residence rights if the change is in the child's best interest and "the child is 12 years of age or older and has expressed to the court in chambers . . . the child's preference" of who should have primary-residence rights. Tex. Fam. Code § 156.006(b)(3). However, because A.B. was eleven at the time of the hearing on temporary orders, section 156.006(b)(3) does not apply.

Austin Jan. 23, 2018, orig. proceeding) (mem. op.); *In re Charles*, No. 03-17-00731-CV, 2017 WL 5985524, at *4 (Tex. App.—Austin Dec. 1, 2017, orig. proceeding) (mem. op.).

During its hearing on temporary orders, the court made the following statements: "I think that y'all both are good parents, and I think that y'all have done an exceptional job"; "[t]here are things that I have heard about dad's household that she likes and she doesn't like"; "I have heard things about mom's household she likes and she doesn't like, but that's an 11-year-old child"; A.B. "feels good at both households"; A.B. "wants to be at both places at the same time"; "[b]oth households are appropriate"; and, "I think she feels that it's mom's time, because last year was dad's time." The court concluded, "On a temporary basis, I'm going to leave her here. I'm going to let you sort out the visitation." For reasons that are not explained in the record, the court did not sign its written temporary orders until about a year later, in September 2017, changing the parent with exclusive right to designate A.B.'s primary residence from Bird to Ledesma.

This is an unusual case. However, the reporter's record from the hearing on temporary orders establishes that the Houston County district court did not hear evidence that could support a primary-residence change under section 156.006(b)(1). *See* Tex. Fam. Code § 156.006(b)(1); *Coker*, 2018 WL 700033, at *4-6; *In re Rusch*, No. 03-18-00163-CV, 2018 WL 2123384, at *7 (Tex. App.—Austin May 9, 2018, orig. proceeding) (mem. op.). Indeed, the court stated that both parents were appropriate, that the child was safe and happy in both homes, and that both Bird and Ledesma were doing a good job as parents. Given the overall circumstances of this case and the lack of evidence that could support the modification of primary-residence rights, we hold that the Houston County district court abused its discretion in the portion of the temporary orders that changed the award of those rights from Bird to Ledesma.

7

As for the Bell County district court's order, apparently ruling on Ledesma's motion to enforce related to child support, Bird has not provided a written order and has only included an excerpt from the reporter's record from the November 25, 2019 hearing—the final two pages in which the trial court makes its ruling stating that it would not find Bird in contempt but would "grant a judgment for $13,665.16 for child support due as of today's date 11/25/19." However, because the Houston County court at law erred in changing the child's primary residence, it follows that Bird should have continued as custodial parent and should not have been ordered to pay child support to Ledesma.

## CONCLUSION

The record establishes error amounting to an abuse of discretion in the temporary orders signed by the Houston County district court in September 2017, transferred to Bell County, and apparently made the basis of the Bell County district court's enforcement order. We lack jurisdiction to address Bird's complaints related to the protective order issued by the Houston County court at law. We therefore conditionally grant relief in part in the form of vacating the portions of the temporary orders that awarded the exclusive right to designate A.B.'s primary residence to Ledesma and ordered Bird to pay child support to Ledesma. Given the circumstances of this case, we are confident that the Bell County district court, to which continuing jurisdiction was transferred, will consider the petition to modify and the parties' other motions and make appropriate orders in a timely manner.

_____

Jeff Rose, Chief Justice

8

Before Chief Justice Rose, Justices Baker and Kelly

Filed:   December 3, 2020