Royce B. WEST, Julia L.S. Gooden, a/k/a Julia L.S. Gooden–Wood, and Robinson West & Gooden, P.C., Petitioners

v.

Malcolm S. ROBINSON, Respondent.

No. 04–0346.

Supreme Court of Texas.

Dec. 9, 2005.

R. Kristin Weaver, Dallas, TX, for Petitioners.

Mark M. Donheiser, Mathis & Donheiser, P.C., Dallas, TX, for Respondent.

PER CURIAM.

Malcolm S. Robinson, Royce B. West, and Julia L.S. Gooden practiced law at Robinson West & Gooden P.C. Robinson filed suit against West, Gooden, and the corporation (collectively, West), alleging various causes of action and seeking dissolution of the corporation. West answered with a general denial and raised several counterclaims. The parties then filed a joint motion to abate, which stated:

1. Plaintiff and Defendants have both sued each other in the above referenced matter.

2. The parties however, have agreed and do hereby agree to arbitrate their disputes and dissolve the corporation to wit: Robinson West & Gooden P.C.

The trial court granted the motion and the parties proceeded to arbitration, but the arbitrator's award did not dissolve the corporation. Over Robinson's objection, the trial court confirmed the award. Robinson appealed, arguing that the arbitrator exceeded his authority by making an award that contravened the agreement to dissolve the corporation. West argued that the parties modified the arbitration agreement by submitting amended claims and counterclaims for arbitration pursuant to an agreement they reached with the arbitrator at a preliminary hearing. West also argued that Robinson waived any complaint about the scope of the arbitration agreement because Robinson did not object during the arbitration proceedings. The court of appeals concluded that the parties, in their joint motion to abate, entered into a binding Rule 11 agreement to dissolve the corporation and that the arbitrator exceeded his authority under that agreement. It reversed the trial court's judgment and rendered judgment "compelling arbitration of the mechanics of the dissolution of the corporation." 2004 WL 178586, at *3. The court's opinion did not address whether the arbitration agreement was modified or whether Robinson waived his right to complain about its scope. West filed a motion for rehearing in which he argued that the court failed to address all the issues necessary to disposition of the appeal, as required by Texas Rule of Appellate Procedure 47.1.

Rule 47.1 provides: "The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. While the court of appeals acknowledged that West asked the arbitrator not to dissolve the corporation, it failed to identify and expressly consider modification and waiver as distinct issues associated with the relief the parties requested from the arbitrator. 2004 WL 178586, at *1. Consequently, the court of appeals did not comply with Rule 47.1. *See Tex. Disposal Sys., Inc. v. Perez*, 80 S.W.3d 593, 594 (Tex.2002) (holding that

the court of appeals erred in failing to consider an alternative basis asserted by the appellee to support its attorney's fees award); *Latham v. Castillo,* 972 S.W.2d 66, 70 (Tex.1998) (concluding that the court of appeals erred in remanding appellants' fraud and breach of contract claims without discussion). We have said that this provision is mandatory, and the courts of appeals are not at liberty to disregard it. *See Lone Star Gas Co. v. R.R. Comm'n,* 767 S.W.2d 709, 711 (Tex.1989) (citing to Texas Rule of Appellate Procedure 90(a), the predecessor to Rule 47.1, and remanding the case for the court of appeals to decide the validity of certain Railroad Commission rules). Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and remand the case to that court for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 59.1, 60.2(d).