NO. 07-09-00398-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
NOVEMBER 17, 2010
--------------------------------------------------------------------------------

 
 IN THE INTEREST OF M.K.S., J.R.S.,
 AND M.B.S., CHILDREN
--------------------------------------------------------------------------------

 
 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2004-528,827; HONORABLE CECIL G. PURYEAR, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
Appellant, Ascucena Gonzalez, appeals the judgment of the trial court granting grandparent possession of her three minor children on the first Saturday of the month to Susie Lopez, their paternal grandmother. Gonzalez contends that the trial court abused its discretion in entering the possession order in favor of Lopez. Agreeing with Gonzalez, we will reverse and render.
 Factual and Procedural Background
 Gonzalez is the mother of the three minor children. The father of the children, Leonicio Sanchez, is incarcerated in the Institutional Division of the Texas Department of Criminal Justice, serving an 18 year sentence. Prior to Sanchez's being sent to prison, Gonzalez had obtained a protective order against him. Gonzalez testified as a witness for the State at Sanchez's trial. On the day of Sanchez's trial, Gonzalez and Lopez got into a loud shouting match at the courthouse. Subsequently, Lopez has not had access to the children. 
 Lopez filed an "Original Petition For Grandparent Possession or Access" on April 21, 2008. Subsequently, Lopez filed an amended petition and the trial court held a final hearing on November 16, 2009. The trial court granted Lopez possession of the children on the first Saturday of each month. The trial court's judgment was filed on November 17, 2009. Gonzalez requested findings of fact and conclusions of law which the trial court filed of record on December 2, 2009.
 Gonzalez appeals the trial court's order alleging error in two particulars. First, Gonzalez argues that the trial court abused its discretion in granting possession to Lopez because Lopez did not overcome the statutory presumption that the parent acts in the best interest of the children by proving, by a preponderance of the evidence, that a denial of possession to the children would significantly impair the children's physical health or emotional well-being. Second, Gonzalez contends that the trial court abused its discretion in granting grandparent access because there was no evidence presented that Gonzalez had denied Lopez access to the children. Because of our ruling concerning Gonzalez's first issue, we do not reach the second issue.
 
 
 Texas Family Code Section 153.433
 Lopez's action for possession and access to the children was brought pursuant to section 153.433(2) of the Texas Family Code, which provides in relevant part that,
(2) the grandparent requesting possession of or access to the child overcomes the presumption that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being;
Tex. Fam. Code Ann. § 153.433 (Vernon Supp 2010).
 Standard of Review
 The Texas Supreme Court has held in In re Derzapf, 219 S.W.3d 327, 333 (Tex. 2007) and reaffirmed in In re Chambless, 257 S.W.3d 698, 699 (Tex. 2008), that the proper standard of review to apply in a grandparent access and possession case is an abuse of discretion standard. Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds for asserting error, but are relevant factors in assessing whether a trial court abused its discretion. Niskar v. Niskar, 136 S.W.3d 749, 753 (Tex.App. -- Dallas 2004, no pet.). Accordingly, we must determine whether Lopez presented sufficient evidence to overcome the parental presumption, for if she did not, then the trial court's decision granting Lopez access to the children was an abuse of discretion. Derzapf, 219 S.W.3d at 333. 

Analysis
 In an effort to overcome the parental presumption, Lopez presented her own testimony and the testimony of Kitty Gage. We will first address the testimony of Lopez. Lopez's testimony was that she was present at the birth of the children, that she had provided assistance to the children, and that the children enjoyed visiting with her and her other children, in addition to her extended family. This evidence does not address the primary issue in a section 153.433 case, that eliminating this contact will significantly impair the child's physical health or emotional well-being. See In re J.P.C., 261 S.W.3d 334, 340 (Tex.App. -- Fort Worth 2008, no pet.) (the mere opinions of the grandparents do not overcome the statutory presumption). We agree with the holding of the Fort Worth court, and conclude that, without more, Lopez's testimony was not sufficient to overcome the statutory presumption.
 However, Lopez also presented the testimony of Kitty Gage. Gage testified that she was a counselor for the Lubbock Independent School District. Further, Gage testified that she had a Bachelor's degree in math and English and a Master's degree in guidance and counseling. During her testimony, Gage was asked if she had an opinion, based on her specialized knowledge, skill, and experience, regarding whether the denial of access to a grandparent with whom a child is very bonded would significantly impair the child's physical health or emotional well-being. Before Gage answered the question, Gonzalez requested to take the witness on voir dire examination. The subsequent testimony revealed that Gage had never treated or even seen any of the particular children involved in this litigation in a clinical setting. In fact, she could only recall seeing one, some, or all of the children one time while she was visiting her mother in a nursing home where Lopez worked. Additionally, Gage has never counseled children in a factual situation similar to the one presented in this case. Gonzalez then objected that Gage was not qualified as an expert, and, further, had never seen the children who were the subject of the suit professionally. The trial court overruled the objection and Gage was allowed to testify.
 Addressing first whether or not the trial court erred in permitting Gage to testify as an expert, we will review the trial court's ruling under an abuse of discretion standard. See In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005). When the testimony of a purported expert is offered, the trial court has to determine, as a preliminary matter, and the proponent of the testimony has the burden to establish, that the witness is qualified under Rule 702 of the Texas Rules of Evidence. See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 498 (Tex. 2001). Rule 702 requires that the proposed expert witness be qualified as an expert by knowledge, skill, experience, training, or education. See Tex. R. Evid. 702. In ascertaining whether a witness is an expert, the trial court "must ensure that those who purport to be experts truly have expertise concerning the actual subject about which they are offering an opinion." Helena Chem. Co., 47 S.W.3d at 498 (quoting Gamill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713,719 (Tex. 1998)). Therein lies the problem with Gage. Gage's testimony reveals that she had not been trained as a counselor for children in family situations. Further, she has no experience, professionally speaking, in dealing with child-grandparent relationships. Consequently, her testimony is nothing more than lay personal opinion. As such, Gage is not qualified as an expert concerning the actual subject about which she offered her opinion. Id.
 Even were we to assume Gage was qualified to offer expert opinions in this case, her testimony is insufficient to overcome the statutory parental presumption. First, Gage's testimony did not identify any significant impairment to these particular children's physical or emotional well-being. Second, the impairments to the children's physical or emotional well-being that Gage does identify are, at best, theoretical. 
 In the final analysis, the trial court abused its discretion when it allowed Gage to testify as an expert. In re J.P.B., 180 S.W.3d 575. Further, as evidence that denial of access or possession of the children would significantly impair the physical or emotional well-being of the children, Gage's testimony was nothing more than personal opinion. As such, Gage's testimony could not overcome the parental presumption found in section 153.433(2). Id.
 The mere opinion of Lopez and an interested, nonexpert witness that Lopez should be granted access does not overcome the statutory presumption, nor does it support the trial court's interference with Gonzalez's parental rights by awarding Lopez court-ordered access to the children. In re J.P.C., 261 S.W.3d at 340. Inasmuch as the only testimony offered by Lopez legally constituted no evidence to overcome the parental presumption, the trial court did not correctly apply the law to the facts of the case. See In re J.P.C., 261 S.W.3d at 340 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). A trial court abuses its discretion when it awards possession and access to a grandparent who does not overcome the parental presumption. In re Derzapf, 219 S.W.3d at 333. Gonzalez's first issue is sustained, the judgment of the trial court is reversed, and judgment is rendered that Lopez's petition is, in all things, denied.
 Having sustained Gonzalez's first issue, we need not address her second contention. 
 Conclusion
 The judgment of the trial court is reversed and judgment is rendered denying any relief to Lopez.

 Mackey K. Hancock
 Justice