ACCEPTED
15-24-00077-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/9/2025 12:34 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-24-00077-CV**

**IN THE FIFTEENTH COURT OF APPEALS**
**AUSTIN, TEXAS**

FILED IN
5th COURT OF APPEALS
AUSTIN, TEXAS
5/9/2025 12:34:50 PM
CHRISTOPHER A. PRINE
Clerk

THE STATE OF TEXAS,
*Appellant,*

v.

THE CITY OF AUSTIN; KIRK PRESTON WATSON, MAYOR OF AUSTIN;
VANESSA FUENTES, MAYOR PRO TEM OF AUSTIN; NATASHA HARPER-
MADISON, PAIGE ELLIS, JOSE VELASQUEZ, JOSE "CHITO" VELA, RYAN ALTER,
KRISTA LANE, MIKE SIEGEL, ZOHAIB "ZO" QADRI, AND MARC DUCHEN,
MEMBERS OF THE CITY COUNCIL OF AUSTIN; T.C. BROADNAX, CITY
MANAGER OF AUSTIN; AND LISA DAVIS, CHIEF OF POLICE OF AUSTIN; IN
THEIR OFFICIAL CAPACITIES,
*Appellees.*[1]

Appeal from Cause No. D-1-GN-24-000586
419th Judicial District Court of Travis County, Texas

**APPELLEES' MOTION FOR REHEARING**

DEBORAH THOMAS, CITY ATTORNEY
SARA SCHAEFER, ACTING CHIEF, LITIGATION
HANNAH M. VAHL
Assistant City Attorney
State Bar No. 24082377
Telephone: (512) 974-2346
hannah.vahl@austintexas.gov
City of Austin Law Department

---

[1] Marc Duchen is automatically substituted for Appellee Alison Alter.

SARA SCHAEFER
Assistant City Attorney
State Bar No. 24086598
Telephone: (512) 974-1536
sara.schaefer@austintexas.gov
**COUNSEL FOR APPELLEES**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .......................................................................................... **iii**

**INDEX OF AUTHORITIES** ....................................................................................**iv**

**Introduction** ...........................................................................................................1

**Argument and Authorities** ................................................................................3

    I.      The Court erred in holding that City officials could act *ultra vires* in canvassing the vote on a citizen-initiated ordinance. ..................... 3

    II.     The Court erred in failing to analyze the constitutionality of Tex. Loc. Gov't Code § 370.003. ............................................................. 7

**Prayer for Relief** ...................................................................................................9

**CERTIFICATE OF COMPLIANCE** ............................................................. 10

**CERTIFICATE OF SERVICE** ........................................................................ 10

# INDEX OF AUTHORITIES

**Cases**

*City of Dallas v. Dallas Consol. Elec. St. Ry. Co.*,
148 S.W. 292 (Tex. 1912) ............................................................................2, 6, 7

*Glass v. Smith*,
244 S.W.2d 645 (Tex. 1951) ............................................................................ 5, 7

*In re Morris*,
663 S.W.3d 589 (Tex. 2023) ............................................................................ 5, 6

*Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*,
652 S.W.3d 11 (Tex. 2022) ................................................................................... 8

*State v. City of San Marcos*,
No. 15-24-0084-CV, 2025 WL 1142065 (Tex. App.—Austin [15th Dist.] Apr. 17,
2025, no pet. h.) ................................................................................................. 1, 4

*West v. Robinson*,
180 S.W.3d 575 (Tex. 2005) ............................................................................ 3, 9

**Statutes**

Tex. Loc. Gov't Code § 370.003 ............................................................................ 3

**Other Authorities**

Austin, Tex. City Charter Art. IV, § 4 ................................................................... 2

Austin, Tex. City Charter Art. IV, § 5 ................................................................... 2

**Rules**

Tex. R. App. P. 47.1 ........................................................................................... 3, 8

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Appellees respectfully file this Motion for Rehearing.

On April 24, 2025, the Court reversed the trial court's orders granting Appellees' plea to the jurisdiction and denying the State's application for temporary injunction and remanded for entry of a temporary injunction prohibiting the enforcement of the Ordinance. In so doing, the Court reasserted its reasoning in the companion case *State v. City of San Marcos*, No. 15-24-0084-CV, 2025 WL 1142065 (Tex. App.—Austin [15th Dist.] Apr. 17, 2025, no pet. h.) on why City Councilmembers may have acted *ultra vires* in canvassing the vote. In *City of San Marcos*, the Court suggested (1) the City Council was not required to canvass the vote for the citizen-initiated ordinance; (2) Texas Supreme Court precedent does not speak to what City Council must do if the citizen-initiated ordinance is preempted; (3) there is not necessarily a ministerial duty on the part of City Council to adopt an illegal ordinance; and (4) there was a fact question on whether Council's "adoption" of the citizen-initiated ordinance was *ultra vires* or was simply the canvass of the vote.

None of those suggestions is right.

When City Council receives an authorized initiative petition certified by the City Clerk to be sufficient, it must either pass the initiated ordinance without

1

amendment or order an election and submit the initiated ordinance to a vote. Austin, Tex. City Charter Art. IV, § 4. Canvassing the vote is part of holding an election. Even if the initiated ordinance appears preempted, City Council has no authority not to hold an election on it, including canvassing the vote. There is no fact question on whether a resolution certifying the results of the election is canvassing the vote. "If a majority of the votes cast is in favor of the submitted ordinance, it shall thereupon be effective as an ordinance of the city." Austin, Tex. City Charter Art. IV, § 5. There is no separate adoption by City Council; the people adopted it, and the canvass is what makes the citizen-initiated ordinance effective.

The Court's opinion deviates from decades of Texas Supreme Court precedent and creates an intolerable rule which threatens to thwart the fundamental right to vote. *See, e.g.*, *City of Dallas v. Dallas Consol. Elec. St. Ry. Co.*, 148 S.W. 292, 294 (Tex. 1912) ("[T]he validity of this ordinance is one question, and the right of the electorate of the city to hold the election and have the election completed by the ascertainment of the result through a canvass of the votes by the board of commissioners, in the exercise of their political power without restraint from the courts, is another, the rightful exercise of which right was not dependent upon the validity of the ordinance voted on at the

2

election."). The Court must grant rehearing and issue a substitute opinion correcting its error.

Rehearing should also be granted because the Court sidestepped Appellees' constitutional vagueness challenge to Tex. Loc. Gov't Code § 370.003 by claiming Appellees were arguing that the statute required them to "fully enforce all laws relating to drugs" when the statute instead prohibited adoption of policies under which the entity will not "fully enforce all laws relating to drugs." Op. at 10. That was not Appellees' argument. Appellees argued that it was unconstitutionally vague to prohibit adoption of a policy that failed to "fully enforce all laws related to drugs," given the vagueness of that phrase. The Court should have analyzed whether Section 370.003 was impermissibly vague and, indeed, was duty-bound to do so. Tex. R. App. P. 47.1 (court must addresses every issue raised and necessary to final disposition of the appeal); *West v. Robinson*, 180 S.W.3d 575, 576–77 (Tex. 2005) (collecting cases where Texas Supreme Court remanded back to appellate court for failure to comply with Rule 47.1).

**ARGUMENT AND AUTHORITIES**

## I. The Court erred in holding that City officials could act *ultra vires* in canvassing the vote on a citizen-initiated ordinance.

In a single sentence, the Court disposed of the City's argument that it

could not have acted *ultra vires* in canvassing the vote on a citizen-initiated ordinance: "[t]o the extent the City Council members argued their acts were not *ultra vires* because they were required to adopt the Ordinance as approved by the voters, we disagree for the reasons stated in *City of San Marcos*." Op. at 8 n. 8. *City of San Marcos*, meanwhile, inexplicably held that, apparently because the San Marcos resolution canvassing the vote used the word "adopt," there was a fact question on whether its councilmembers acted *ultra vires* and the case was distinguishable from binding precedent holding that city officials have *no* discretion not to canvass the vote. *City of San Marcos* Op. at 19. It also suggested, erroneously, (1) "[t]he authority on which the City Officials rely, however, does not apply to the adoption of citizen-initiated ordinances"; (2) "[T]hese cases do not speak to the City Officials' discretion to adopt an ordinance that conflicts with state law"; (3) "While the authority cited by the City Officials may require a citizen-initiated proposition to be placed on the ballot, that authority does not translate into a ministerial duty for the City Officials to adopt and enforce an illegal Ordinance"; and (4) the City Officials' argument that all they did was certify an election "presents a fact issue that goes to the merits of the State's *ultra vires* claims[.]" *City of San Marcos* Op. at 19–20.

Texas Supreme Court precedent is contrary. Under that precedent,

When the people exercise their rights and powers

4

under the initiative provisions of a city charter and thereby become the legislative branch of the city government, the members of the City Council, like other city officials and employees, become ministerial officers in the legislative process, burdened with the mandatory obligation of performing the duties imposed upon them incidental to carrying out the initiative procedure. *There is nothing in the charter that qualifies the mandatory duty of petitioners in the calling and holding of initiative elections so that they may decline to hold those which in their opinion might result in the adoption of void ordinances*.

*Glass v. Smith*, 244 S.W.2d 645, 653 (Tex. 1951) (emphasis added). Even if local officials believe a citizen-initiated ordinance void, they have no authority not to call and hold an election. *See In re Morris*, 663 S.W.3d 589, 597 (Tex. 2023) (noting that City Council had a "statutory duty to place the proposition on the ballot at the earliest available election . . . even in the face of colorable arguments that the proposition under consideration was constitutionally infirm"). Canvassing the vote is part and parcel of holding an election. As the Teas Supreme Court has explained:

As elections are essentially the exercise of political power, it cannot be doubted that all action properly related thereto and necessary to their completion is from the same source, and is but the expression of the same power. The canvassing of the returns of an election is necessary to the determination of the result. It is an integral part of the election itself, without which the election is a vain proceeding; and as such inheres as a right sanctioned by the political power, as absolute as the right of the electorate to vote or for the election

5

to be held. When it is declared that because of their relation to the political power of the government, elections are beyond the control of the judicial power, it is meant that the whole election, including every step and proceeding necessary to its completion, is exempt from judicial interference, and the canvassing of the returns of an election must therefore be held as within the rule and justly entitled to its protection.

*City of Dallas v. Dallas Consol. Elec. St. Ry. Co.*, 148 S.W. 292, 294 (Tex. 1912).

The consequences of the Court's erroneous holding could not be more profound. The Court suggests that local officials can—and even *are under a legal duty to*—stop an election from being completed via canvass to avoid acting *ultra vires* by enacting an allegedly preempted or otherwise void ordinance. In effect, that holding deprives Austin citizens of their fundamental right to initiate ordinances and to vote on them, since local officials must prevent the results of any such election from being tallied if they suspect the resulting ordinance might be void. The result is tantamount to judicial interference with an election despite the bedrock principle of election law that courts cannot so interfere. *E.g.*, *In re Morris*, 663 S.W.3d at 593 ("It is well settled that separation of powers and the judiciary's deference to the legislative branch require that judicial power not be invoked to interfere with the elective process.") (internal quotation omitted).

The Court's attempt to distinguish Texas Supreme Court authorities on

the apparent ground that the City resolution canvassing the vote used the word "adopt" is specious. City officials have absolutely no authority to decline to "adopt" even void ordinances by refusing to canvass the vote. *Glass*, 244 S.W.2d at 653. Instead, "elections are beyond the control of the judicial power," and that means "every step and proceeding necessary to its completion, is exempt from judicial interference, and the canvassing of the returns of an election must therefore be held as within the rule and justly entitled to its protection." *City of Dallas*, 148 S.W. at 293–94. Suggesting that city officials may act *ultra vires* in canvassing the vote for void ordinances constitutes judicial interference with an election, and "to interfere with the enactment of legislation is not within [courts'] province." *Id.* at 295. It is not the law that local officials are under a duty to decide for themselves whether an ordinance is void and thereby assess whether to canvass the vote. Nor can it be the law that declaring a citizen-initiated ordinance as "adopted" because it passed by a majority of qualified votes is somehow *ultra vires*.

## II. The Court erred in failing to analyze the constitutionality of Tex. Loc. Gov't Code § 370.003.

The City argued that Tex. Loc. Gov't Code § 370.003 was unconstitutionally vague. The Court circumvented this argument by asserting that it was premised on the faulty notion that Section 370.003 requires city

officials to "fully enforce" drug laws when "Section 370.003 does not mandate full enforcement of drug laws" and instead "prevents enacting local laws or policies that *prohibit* full enforcement of drug laws." Op. at 10. In fact, Appellees' argument is that *even if* Section 370.003 does not affirmatively require full enforcement of laws relating to drugs and only provides that a regulated entity "may not adopt a policy under which the entity will not fully enforce laws relating to drugs," it is *still* void for vagueness because the phrase "fully enforce all laws relating to drugs" is impermissibly vague and thereby renders a requirement not to adopt a policy "under which the entity will not fully enforce all laws relating to drugs" impermissibly vague. The Court should have further engaged on the issue to decide whether the State had a probable right of recovery to support its requested temporary injunction, and it failed to do so.

An appellate court must address every issue raised and necessary to final disposition of the appeal. Tex. R. App. P. 47.1. That rule's "obvious and salutary purposes include promoting respect for court decisions and confidence in the rule of law, enhancing the transparency we strive to achieve in our legal system, and upholding parties' reasonable expectations that their arguments will be fairly heard and reasonably considered." *Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 28 (Tex. 2022) (Busby, J., dissenting). The Court should

8

grant rehearing and issue a substitute opinion and judgment which analyzes whether 370.003 is impermissibly vague. *E.g.*, *West*, 180 S.W.3d at 576 (holding appellate court erred when it failed to identify and expressly consider modification and waiver as reasons to uphold trial court's judgment).

## PRAYER FOR RELIEF

For these reasons, the Court should grant rehearing, vacate its opinion and judgment of April 24, 2025, and issue a substitute opinion and judgment.

RESPECTFULLY SUBMITTED,

DEBORAH THOMAS, CITY ATTORNEY
SARA SCHAEFER, ACTING CHIEF, LITIGATION

*/s/   Hannah M. Vahl*
HANNAH M. VAHL
Assistant City Attorney
State Bar No. 24082377
Telephone: (512) 974-2346
hannah.vahl@austintexas.gov
City of Austin Law Department
SARA SCHAEFER
Assistant City Attorney
State Bar No. 24086598
Telephone: (512) 974-1536
sara.schaefer@austintexas.gov
**COUNSEL FOR APPELLEES**

9

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 2,025 words, in compliance with Rule 9.4 of the Texas Rules of Appellate Procedure.

/s/   Hannah M. Vahl
Hannah M. Vahl

# CERTIFICATE OF SERVICE

This is to certify that I served a copy of the foregoing document on counsel of record in compliance with the Texas Rules of Appellate Procedure on May 9, 2025, as follows:

**Via e-Filing to:**
Cory A. Scanlon
Assistant Solicitor General
State Bar No. 24104599
Cory.Scanlon@oag.texas.gov
Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

**COUNSEL FOR APPELLANTS**

/s/   Hannah M. Vahl
Hannah M. Vahl

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carol Smith on behalf of Hannah Vahl
Bar No. 24082377
Carol.smith@austintexas.gov
Envelope ID: 100651588
Filing Code Description: Motion for Rehearing
Filing Description: Appellees' Mtn for Rehearing
Status as of 5/9/2025 12:54 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Briana Nicholson | | briana.nicholson@austintexas.gov | 5/9/2025 12:34:50 PM | SENT |
| Sara Schaefer | 24086598 | sara.schaefer@austintexas.gov | 5/9/2025 12:34:50 PM | SENT |
| Hannah Vahl | | hannah.vahl@austintexas.gov | 5/9/2025 12:34:50 PM | SENT |
| Jessica Martinez | | jessica.martinez4@austintexas.gov | 5/9/2025 12:34:50 PM | SENT |

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 5/9/2025 12:34:50 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 5/9/2025 12:34:50 PM | SENT |